# EXHIBIT 1



DEPARTMENT OF THE ARMY
ARMY DISCHARGE REVIEW BOARD
251 18TH STREET SOUTH, SUITE 385
ARLINGTON, VA 22202-3531

October 20, 2015

AR20150004987, Kennedy, Stephen M.

Mr. Stephen M. Kennedy
159 Forest Avenue
Fairfield CT 06824-6573

Dear Mr. Kennedy:

    After careful review of your application, military records and all other available evidence, the Army Discharge Review Board determined that you were properly and equitably discharged. Accordingly, your request for a change in the character and/or reason of your discharge is denied. Enclosed is a copy of the Case Report and Directive.

    You have now exhausted your appeals with the Army Discharge Review Board. You may request a reconsideration only if you have new, substantial and relevant evidence to present which was not readily available during this review. If not, your recourse is to apply to the Army Board for Correction of Military Records. You may apply online for correction of military records at http://actsonline.army.mil or you may complete and mail the enclosed Application for Correction of Military Records, DD Form 149. Mail your application to the appropriate address shown on the reverse of the form. You must submit this form within three years from the date of this letter.

    If you believe that the decision in your case is unclear, not responsive to the issues raised, or does not otherwise agree with the requirements of the Department of Defense (DoD) Instruction 1332.28, you may submit a complaint in accordance with enclosure E5 of that instruction. The complaint procedure does not permit you to challenge the decision, but is designed solely to ensure that the decisional document meets the requirements for clarity and responsiveness. You may view a copy of DoD Instruction 1332.28 on the Army Review Boards Agency website – http://arba.army.pentagon.mil/adrb.htm

                                              Sincerely,

                                              Patrick Bond
                                              Colonel, US Army
                                              President

Enclosure



Printed on Recycled Paper

1. **APPLICANT'S NAME:** Mr. Stephen M. Kennedy

   a. **Application Date:** 18 February 2015

   b. **Date Received:** 20 March 2015

   c. **Counsel:** None

2. **REQUEST, REASON, ISSUES, BOARD TYPE, AND DECISION:** The applicant requests an upgrade of his discharge from general, under honorable conditions to honorable. The applicant states, in effect, he believes his discharge characterization was clearly inequitable based on a single bad act that was carried out under the influence of a service related mental health disorder. His record shows apart from his AWOL, he was an exemplary Soldier. The provided character letters from his leaders and peers demonstrated the quality of his service. In addition, both his former and current therapists have testified to the fact that his decision to go AWOL as a direct result of PTSD and depression. Since receiving treatment for PTSD and depression, his accomplishments have been consistent with his high standards, and the rest of his Army service prior to his mental health issues. He believes the Board has cause to consider his mental-health related infraction as outside of his true service record, which would leave an excellent time in service fully deserving of a characterization of Honorable. A prior records review was conducted on 19 November 2010. In a personal appearance review conducted at Arlington, Virginia on 19 October 2015, and by a 3-2 vote, the Board denied the request finding the separation was both proper and equitable.

   *(Board member names available upon request.)*

3. **DISCHARGE DETAILS:**

   a. **Reason/Authority/Codes/Characterization:** Misconduct (Serious Offense)/AR 635-200, Paragraph 14-12c/JKQ/RE-3/General, Under Honorable Conditions.

   b. **Date of Discharge:** 27 July 2009

   c. **Separation Facts:**

   (1) **Date of Notification of Intent to Separate:** 2 July 2009

   (2) **Basis for Separation:** The applicant was informed of the following reasons: For being absent without leave 12 May 2009 until 26 May 2009.

   (3) **Recommended Characterization:** General, Under Honorable Conditions

   (4) **Legal Consultation Date:** 2 July 2009

   (5) **Administrative Separation Board:** None

   (6) **Separation Decision Date/Characterization:** 9 July 2009/General, Under Honorable Conditions

1

4. **SERVICE DETAILS:**

   a. **Date/Period of Enlistment:** 18 May 2006/4 years and 19 weeks

   b. **Age at Enlistment/Education/GT Score:** 19 years/14 Years/142

   c. **Highest Grade Achieved/MOS/Total Service:** E-4/11B1P, Infantryman/3 years, 1 month, and 26 days

   d. **Prior Service/Characterizations:** None

   e. **Overseas Service/Combat Service:** Southwest Asia/Iraq (5 June 2008-21 July 2008)

   f. **Awards and Decorations:** ARCOM, AAM, NDSM, GWOTSM, ICM-w/CS, ASR, OSR, CIB

   g. **Performance Ratings:** None

   h. **Disciplinary Action(s)/Evidentiary Record:** Article 15, imposed on 29 June 2009, for going AWOL 12 May 2009-26 May 2009. The punishment consisted of reduction to the grade of E-3, forfeiture of $929.00 pay per month for two months (suspended), and extra duty and restriction for 45 days (FG).

   i. **Lost Time:** The applicant's record of service indicates 14 days of time lost for going AWOL from 12 May 2009 until his return on 26 May 2009 to his unit.

   j. **Diagnosed PTSD/TBI/Behavioral Health:** Report of Behavioral Health Evaluation, dated 4 June 2009, indicates the applicant had the mental capacity to understand and participated in the proceedings, was mentally responsible, and met the retentions requirements of Chapter 3, AR 40-501 and did not require a MEB.

The remarks section showed the applicant was referred for a command directed evaluation after having gone AWOL for a two week period. The applicant indicated he sought out mental health services in the civilian sector for anxiety and depression but was ultimately diagnosed with borderline personality disorder, at the time, the applicant exhibited symptoms of depression but did not meet full criteria for personality disorder. Nonetheless, current symptoms, poor judgment, and recent behavior place him, his unit, and his command at significant risk. Therefore, administrative separation IAW AR 635-200, Chapter 5-17 was recommended. In the interim, the applicant was strongly encouraged to resume mental health treatment at Division Mental Health. It was also noted the applicant was evaluated for PTSD and mTBI and did not meet criteria for either diagnosis at that time.

5. **APPLICANT-PROVIDED EVIDENCE:** An online application, dated 18 February 2015, a self-authored statement, copy of a report of behavioral health evaluation, letter from T.D, LICSW reference the applicant's evaluation for PTSD, certification of vital record from the Department of Public Health, and documents from the Department of Veterans Affairs which indicates the applicant receives service connected disability in the amount of 50 percent for PTSD with depressive symptoms (formerly major depressive disorder with insomnia), and five letters of support.

AR20150004987

6. **POST SERVICE ACCOMPLISHMENTS:** The applicant states, in effect since his discharge he has received a BS, earned admission to a highly selective graduate program in Biophysical Chemistry, submitted a research paper for publication in the Proceedings of the National Academy of Sciences, and has been actively involved in veterans organizations, particularly Iraq and Afghanistan Veterans of America (IAVA), where he is one of the leading volunteers in his region.

7. **REGULATORY CITATION(S):** Army Regulation 635-200 sets forth the basic authority for the separation of enlisted personnel. Chapter 14 establishes policy and prescribes procedures for separating members for misconduct. Specific categories include minor disciplinary infractions, a pattern of misconduct, and commission of a serious offense, to include abuse of illegal drugs, convictions by civil authorities and desertion or being absent without leave. Action will be taken to separate a member for misconduct when it is clearly established that rehabilitation is impractical or unlikely to succeed. Army policy states that an under other than honorable conditions discharge is normally considered appropriate; however, a general, under honorable conditions or an honorable discharge may be granted.

Paragraph 14-12c states a Soldier is subject to action per this section for commission of a serious military or civilian offense, if the specific circumstances of the offense warrant separation and a punitive discharge is, or would be, authorized for the same or a closely related offense under the Manual for Courts-Martial.

8. **DISCUSSION OF ISSUE(S):** The applicant requests an upgrade of his discharge from general, under honorable conditions to honorable. The applicant's record of service, the issues and the documents submitted with the application were carefully considered.

The record confirms the applicant's discharge was appropriate because the quality of his service was not consistent with the Army's standards for acceptable personal conduct and performance of duty by military personnel. It brought discredit on the Army, and was prejudicial to good order and discipline. The applicant marred the quality of his service by his Article 15 (for going AWOL) violation of the Uniform Code of Military Justice.

The applicant provided no independent corroborating evidence demonstrating that either the command's action was erroneous or that the applicant's service mitigated the misconduct or poor duty performance.

The applicant seeks relief contending his discharge was inequitable as a result of PTSD and depression. Evidence in the record acknowledges the applicant was diagnosed with a depressive disorder not otherwise specified. It was determined the applicant had the mental capacity to understand and participate in the proceedings, was mentally responsible, was psychiatrically cleared for any administrative action deemed appropriated by his command, and he met psychiatric criteria for expeditious administrative separation IAW Chapter 5-17, AR 635-200. The applicant was evaluated for PTSD and mTBI and did not meet criteria for either diagnosis at the time of discharge. Army Regulation 635-200, in pertinent part, stipulates that commanders will not take action to separate Soldiers for a medical condition solely to spare a Soldier who may have committed serious acts of misconduct.

Further, while the applicant may believe PTSD and depression was the underlying cause of his misconduct, the record of evidence does not demonstrate that he sought relief through his command or the numerous Army community services like the Chaplain, Army Community and

Family Support Services, Community Counseling Center, and other medical resources available to all Soldiers. Likewise, he has provided no evidence that he should not be held responsible for his misconduct.

The documents submitted by the applicant showing he is receiving 50 percent service connected disability for PTSD and the independent documents from his therapist were noted. However, the service record does not support the applicant's contention, and no evidence to support it has been submitted to corroborate the discharge was the result of any medical condition. Further, the record does not contain any medical evidence to indicate a problem which would have rendered the applicant disqualified for further military service with either medical limitation or medication.

There is a presumption of regularity in the conduct of governmental affairs that shall be applied in any review unless there is substantial credible evidence to rebut the presumption. The applicant bears the burden of overcoming this presumption through the presentation of substantial and credible evidence to support this issue. There is no evidence in the record, nor has the applicant produced any evidence to support the contention his discharge was inequitable.

The discharge was consistent with the procedural and substantive requirements of the regulation, was within the discretion of the separation authority and the applicant was provided full administrative due process.

9. The applicant provided the following additional documents:

   a. Character letters (3 pages)

   b. Psychologist evaluation (2 pages)

   c. Therapist evaluation (2 pages)

   d. ARCOM citation (1 page)

The applicant provided no additional contentions.

10. Witness(es): Mr. Joseph Kennedy (father)

**11. BOARD ACTION DIRECTED:**

a. Issue a new DD-214:        No

b. Change Characterization to:   No Change

c. Change Reason to:          No Change

d. SPD/RE Code Change to:     No Change

e. Restoration to Grade:       N/A

**Authenticating Official:**

COL, US ARMY
Presiding Officer
Army Discharge Review Board

Legend:
AWOL - Absent Without Leave
BCD - Bad Conduct Discharge
CG - Company Grade Article 15
CID - Criminal investigation Department
FG - Field Grade
GD - General Discharge
HS - High School
HD - Honorable Discharge
MP – Military Police
IADT – Initial Active Duty Training
NA - Not applicable
NIF - Not in File
OAD - Ordered to Active Duty
OMPF - Official Military Personnel File
RE - Reentry
SCM - Summary Court Martial
SPCM - Special Court Martial
UNC - Uncharacterized Discharge
UOTHC - Under Other Than
        Honorable Conditions