# EXHIBIT 3

**DEPARTMENT OF THE ARMY**
**ARMY DISCHARGE REVIEW BOARD**
**251 18TH STREET SOUTH, SUITE 385**
**ARLINGTON, VA 22202-3531**

October 02, 2015

AR20150007237, Carson, Alicia J.

RECEIVED OCT 19 2015

Ms. Cynthia Johnson
Connecticut Veterans Legal Center
114 Orange Avenue
West Haven CT 06516

Dear Ms. Johnson:

I am writing to you regarding the application of Ms. Alicia J. Carson for a discharge upgrade from the U.S. Army.

After carefully reviewing the application, military records and all other available evidence, the Army Discharge Review Board determined that the applicant was properly and equitably discharged. Accordingly, the request for a change in the discharge has been denied. Enclosed is a copy of the Case Report and Directive.

Thank you for your interest in this matter.

Sincerely,

FOR [signature] COL, US ARMY
Patrick Bond
Colonel, US Army
President

Enclosures

Printed on Recycled Paper

**ARMY DISCHARGE REVIEW BOARD CASE REPORT AND DIRECTIVE**

**AR20150007237**

1. **APPLICANT'S NAME:** Ms. Alicia J. Carson

a. **Application Date:** 17 February 2015

b. **Date Received:** 17 April 2015

c. **Counsel:** Ms. Cynthia Johnson
Connecticut Veterans Legal Center
114 Orange Avenue
West Haven, Connecticut 06516

2. **REQUEST, REASON, ISSUES, BOARD TYPE, AND DECISION:** The representative requests an upgrade of the applicant's general, under honorable conditions discharge to honorable and change the narrative reason for separation to reflect "other designated physical or mental conditions." The representative states, in effect, the applicant was honorably discharged from active duty, received a commendation medal for service as part of the combat team, and served in the National Guard for almost four years with no incidents of misconduct. The representative contends, as a matter of propriety, the applicant's absence should have been medically excused because she submitted medical documentation to her NCO and was told she was excused from drills; the applicant's discharge was in error because proper notice was required and not given; and, the applicant's commander was required to determine if any cogent or emergency reasons existed which prevented the member from attending. The representative further contends, the applicant's discharge was inequitable because her conduct was a result of her untreated PTSD and the applicant notified the Army twice that she was experiencing PTSD related symptoms. The representative contends, the applicant's discharge from the National Guard was inequitable because it was due to circumstances beyond her control. The representative states, the applicant is currently receiving service-connected disability compensation.

In a records review conducted at Arlington, VA on 25 September 2015, and by a 5-0 vote, the Board denied the request finding the separation was both proper and equitable.

(*Board member names available upon request.*)

3. **DISCHARGE DETAILS:**

a. **Reason/Authority/Codes/Characterization:** Unsatisfactory Participation/NGR 600-200, paragraph 6-35j, and AR 135-178, paragraph 13-1(a)/NIF/General, Under Honorable Conditions.

b. **Date of Discharge:** 29 May 2012

c. **Separation Facts:**

(1) **Date of Notification of Intent to Separate:** NIF

(2) **Basis for Separation:** NIF

(3) **Recommended Characterization:** NIF

(4) **Legal Consultation Date:** NIF

(5) **Administrative Separation Board:** NIF

(6) **Separation Decision Date/Characterization:** NIF/General, Under Honorable Conditions

4. **SERVICE DETAILS:**

a. **Date/Period of Enlistment:** 24 December 2008/8 years

b. **Age at Enlistment/Education/GT Score:** 20/HS Graduate/111

c. **Highest Grade Achieved/MOS/Total Service:** SPC/E-4/88M10, Motor Transport Operator/3 years, 5 months, 6 days

d. **Prior Service/Characterizations:** IADT, 091118-101226, HD (concurrent service)

e. **Overseas Service/Combat Service:** SWA/Afghanistan (100204-101111)

f. **Awards and Decorations:** ACM-CS, NATO ASM, ARCOM, AGCM, NDSM, GWTSM, ASR, OSR, AFRM w/M Device, CAB

g. **Performance Ratings:** N/A

h. **Disciplinary Action(s)/Evidentiary Record:** NIF

i. **Lost Time:** NIF

j. **Diagnosed PTSD/TBI/Behavioral Health:** Mentioned in supporting letters submitted by the applicant's representative; however, evidence of a diagnosis of PTSD was not included with the application.

5. **APPLICANT-PROVIDED EVIDENCE:** DD Form 293, dated 17 February 2015, with the following documents:

DA Form 638 (Recommendation for Award), dated 29 July 2010;
Memorandum for Record, dated 29 July 2010, Subject: Statement of Wartime Service;
Letter from former company commander, CPT K;
Self-authored statement, dated 17 July 2014;
Affidavit, dated 1 October 2014, signed by Ms. K.S., VA Readjustment Counselor;
DD Form 214 for Active Duty service;
Consult Requests, earliest appr date 14 March 2012, for chronic neck, back, and hand pain;
Consult Requests, printed on 6 June 2012, for eyeglass request (second page of document is obscured by note of PTSD/TBI);
VA Letter addressed to the board members, dated 5 August 2014, written by Ms. F., APRN, States the applicant began treatment in the Mental Health Clinic in February 2012;
VA Fax, dated 12 April 2012, written by Ms. F., APRN, states the applicant was in active treatment for anxiety and depression, R/O PTSD;
Fax transmission report, dated 12 April 2012, reflects the fax transmission was ok;

Three Connecticut Army National Guard Memorandums, dated 7 May 2012, Subject: Letter of Instruction – Unexcused Absence – MUTA, notifies the applicant that the unit attendance records indicate she was absent from the scheduled Multiple Unit Training Assembly (MUTA) on 2 March 2012, 14-15 April 2012, and 4-6 May 2012, without excusal by proper authority;

VA Connecticut Healthcare System letter, dated 16 August 2012, written by Dr. D., verifies the applicant had been actively participating in pain management treatment since May 2012 and, in his opinion, meets the criteria for a diagnosis of PTSD, chronic. In addition, Dr. D. states the applicant has been diagnosed with PTSD by multiple providers dating back to February 2012, to include Dr. A. and Ms. F, APRN; and,

Joint Force Headquarters Connecticut National Guard Letter, dated 18 December 2012, addressed to the applicant's representative, states the Connecticut Army National Guard properly separated the applicant and transferred her to the United States Army Reserve Control Group (Individual Ready Reserve), effective 29 May 2012. The letter outlines the events leading to the applicant's discharge, the considerable efforts the commanders (past and present) took to retain the applicant as a member of the unit, and the various attempts to assist the applicant with medical processing.

6. **POST SERVICE ACCOMPLISHMENTS:** None submitted with the application.

7. **REGULATORY CITATION(S):** Army Regulation (AR) 135-178 governs procedures covering enlisted personnel management of the Army Reserve. Chapter 13 provides in pertinent part, that individuals can be separated for being an unsatisfactory participant. AR 135-91 states that a member is an unsatisfactory participant when nine or more unexcused absences from scheduled drills acrue during a one-year period and attempts to have the Soldier respond or comply with orders or correspondence have resulted in— the Soldier's refusal to comply with orders or correspondence; or a notice sent by certified mail was refused, unclaimed, or otherwise undeliverable; or verification that the Soldier has failed to notify the command of a change of address and reasonable attempts to contact the Soldier have failed. Discharge action may be taken when the Soldier cannot be located or is absent in the hands of civil authorities in accordance with the provisions of AR 135-91, paragraph 2-18, and Chapter 3, section IV, of AR 135–178.

Army policy states possible characterizations of service include an honorable, general, under honorable conditions, under other than honorable conditions, or uncharacterized if the Soldier is in entry-level status. However, the permissible range of characterization varies based on the reason for separation.

8. **DISCUSSION OF ISSUE(S):** The representative seeks relief of the applicant's discharge based on "matters relating to post traumatic stress disorder." In addition, the representative requests a change to the reason for applicant's discharge to reflect "other designated physical or mental conditions."

The applicant's record of service, and the issues and documents submitted with her application were carefully reviewed.

The representative contends the applicant had good service which included time served on active duty, receipt of an ARCOM for service as part of the combat team, and almost four years in the ARNG with no incidents of misconduct. The applicant's service accomplishments and the quality of her service prior to the incidents that caused the initiation of discharge proceedings were carefully considered. However, a determination as to the merit of these contentions cannot be made because the facts and circumstances leading to the discharge are unknown.

The representative contends the applicant's discharge was inequitable because her conduct was a result of her untreated PTSD and the applicant notified the Army twice that she was experiencing PTSD related symptoms. In addition, the applicant is currently receiving service-connected disability compensation. However, the service record contains no evidence of an in-service Post-Traumatic Stress Disorder diagnosis. The fact the Veterans Administration has granted the applicant service connection for medical conditions the applicant suffered while on active duty does not support a conclusion that these conditions rendered the applicant unfit for further service at the time of her discharge processing. The available medical evidence in the record is void of any indication that the applicant was suffering from a disabling medical or mental condition during her discharge processing that would have warranted her separation processing through medical channels.

The representative contends the applicant's absence should have been medically excused because the applicant submitted medical documentation to her NCO and was told she was excused from drills; the unit commander was required to determine if any cogent or emergency reasons existed which prevented the applicant from attending; and, the applicant was never notified of her unit's intent to discharge her. However, the applicant's record is void of the specific facts and circumstances concerning the events which led to her discharge from the Army National Guard. Barring evidence to the contrary, the presumption of government regularity prevails as it appears that all the requirements of law and regulation were met and the rights of the applicant were fully protected throughout the separation process.

Furthermore, if the applicant desires a personal appearance hearing, it will be her responsibility to meet the burden of proof and provide the appropriate documents (i.e., the discharge packet) or other evidence sufficient to explain the facts, circumstances, and reasons underlying the separation action, for the Board's consideration because they are not available in the official record.

In view of the foregoing, the discharge was consistent with the procedural and substantive requirements of the regulation, was within the discretion of the separation authority and the applicant was provided full and administrative due process.

## 9. BOARD ACTION DIRECTED:

| | |
|---|---|
| **a. Issue a new NGB Form 22/Issue new Separation Order:** | No |
| **b. Change characterization to:** | No Change |
| **c. Change Reason to:** | No Change |
| **d. SPD/RE Code Change to:** | No Change |
| **e. Restoration to Grade:** | No Change |

**Authenticating Official:**

**COL, US ARMY**
**Presiding Officer**
**Army Discharge Review Board**

Legend:
AWOL - Absent Without Leave
BCD - Bad Conduct Discharge
CG - Company Grade Article 15
CID - Criminal investigation Department
FG - Field Grade
GD - General Discharge
HS - High School
HD - Honorable Discharge
MP – Military Police
IADT - Initial Active Duty Training
NA - Not applicable
NIF - Not in File
OAD - Ordered to Active Duty
OMPF - Official Military Personnel File
RE - Reentry
SCM- Summary Court Martial
SPCM - Special Court Martial
UNC - Uncharacterized Discharge
UOTHC - Under Other Than Honorable Conditions