UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN KENNEDY et al.,
on behalf of themselves and all
others similarly situated,   3:16cv2010 (WWE)
    Plaintiffs,

v.

ROBERT SPEER, Acting
Secretary of the Army,
    Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, VOLUNTARY REMAND

On behalf of themselves and all others similarly situated, plaintiffs Stephen Kennedy and Alicia Carson challenge decisions by the Army Discharge Review Board ("ADRB") pursuant to the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiff Carson also asserts a claim under the Little Tucker Act that seeks an order preventing the Army from recouping her enlistment bonus.

Plaintiffs were involuntarily separated from the Army, and they now seek discharge upgrades, arguing that the ADRB failed to consider binding instructions issued by then-Secretary of the Army Chuck Hagel ("Hagel Memo") to afford liberal consideration to Post-Traumatic Stress Disorder ("PTSD") diagnoses.

Defendants seek dismissal of the claims on the basis of (1) failure to exhaust administrative remedies by seeking review from the Army Board for Correction of Military Records ("ABCMR"); (2) lack of justiciable claims; (3) lack of cognizable

property or liberty interests in their discharge upgrades; and (4) failure to challenge discrete agency action reviewable under the APA.

Alternatively, defendant requests that this Court remand the claims to allow the Army to reconsider or explain its prior decision and to provide for a full administrative record.

Courts retain discretion to remand an agency decision when an agency has raised "substantial and legitimate" concerns that it should reconsider the prior decision. American Forest Resource Council v. Ashe, 946 F. Supp. 2d 1, 41 (D.D.C. 2013). "In general, a voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the *original agency decision on review*." Limnia, Inc. v. United States Dept. of Energy, 857 F.3d 379, 386 (D.C. Cir. 2017) (agency need not confess to error or impropriety but should "profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."). Requests for voluntary remand to cure mistakes are commonly granted. American Forest Resource Council, 946 F. Supp. 2d at 43.

Here, defendant asserts that remand for reconsideration of the decisions is appropriate because defendant's review of the relevant Army Review Board Agency ("ARBA") records revealed (1) that four documents submitted by plaintiff Kennedy in his 2015 application were missing;[1] (2) it is unclear whether plaintiff Carson's entire service

---

[1] Due to the ARBA inability to find four documents submitted with plaintiff Kennedy's

record had been considered in the evaluation of her application merits; and (3) it is unclear whether the ADRB decisions relative to plaintiffs' applications applied the guidance of the Hagel Memo.

Defendant proposes that its reconsideration of the decision on plaintiffs' discharge status would allow for plaintiffs to submit new applications, in which they could raise any new arguments and provide additional evidence. Defendant anticipates that the Army would take approximately 180 days to reconsider plaintiffs' cases; and it suggests that the parties confer with respect to the need for further litigation within 30 days after final action by the Army.

Plaintiff objects to the defendant's voluntary remand on several grounds. Plaintiff maintains that defendant has failed to articulate "substantial and legitimate concerns" in support of its request for remand. Plaintiff asserts that the inability to locate four documents and the lack of clarity regarding the decisions underlying considerations are not relevant to the instant litigation asserting violation of the APA and the Fifth Amendment Due Process Clause. However, both plaintiffs have alleged that defendant failed to adhere to the instructions relevant to service-members' PTSD and related mental health conditions as set forth in the Hagel Memo.

The Hagel Memo requires "liberal consideration" of PTSD diagnoses by civilian providers, "special consideration" of PTSD diagnoses by Veterans Administration

---

application, it cannot certify the administrative record relevant to the decision on his application.

providers.  The Hagel Memo states:  "In cases in which PTSD or PTSD-related conditions may be reasonably determined to have existed at the time of discharge, those conditions will be considered potential mitigating factors in the misconduct that caused the under other than honorable conditions characterization of service."  In August 2017, the Department of Defense issued new guidance on adjudication of PTSD and other mental health conditions, Traumatic Brain Injury; sexual assault; or sexual harassment.

Remand would afford a reconsideration that should clarify the bases for the decisions and provide for a complete administrative record, both of which would facilitate this Court's judicial review of the matter.  In this instance, defendant has questioned whether the ADRB's decisions represent a full and proper consideration of the applications.  See SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001) (noting that court has discretion to grant a voluntary remand where agency seeks to reconsider its previous position).

Plaintiff argues for denial of defendant's request for voluntary remand because defendant has indicated that it would review new applications with new arguments and additional evidence.  In Limnia, the D.C. Court of Appeals held that the district court had erred by granting a request for voluntary remand that was conditional upon plaintiff's submission of a new application, which constituted a "remand" in "name only."  857 F.3d at 388.  Although the instant defendant has professed its intent to reconsider its prior decisions, the Court clarifies that it will a grant a voluntary remand only to the

extent that defendant will revisit the original applications that are the subject of this litigation. Defendant may request that plaintiffs supplement the existing record with the documents that cannot be located or that would clarify the existing record.

Plaintiff maintains that a remand to cure the named plaintiffs' discharge status will not affect the "systemic issues" relevant to the adjudications of similarly-situated veterans who served in Iraq and Afghanistan. However, the remand will provide the most efficient means for the named plaintiffs to obtain revised decisions regarding their discharge applications. The remand will also serve the interest of judicial economy by providing a full administrative record for the Court to assess the merits of plaintiffs' claims and request for class certification.

Accordingly, defendants' request for voluntary remand will be granted.

**CONCLUSION**

For the foregoing reasons, the Motion to Dismiss or, In the Alternative, Voluntary Remand of the plaintiffs' amended complaint [doc. #16] is DENIED without prejudice in part and GRANTED in part. The Court DENIES the Motion to Dismiss without prejudice; but the Court GRANTS the Motion for Voluntary Remand. The Court will stay the action pending the reconsideration of the plaintiffs' applications. The parties should submit a status report within 90 days of this ruling's filing date.

Dated this __19th__ day of September, 2017, at Bridgeport, Connecticut.

        /s/Warren W. Eginton_____
        WARREN W. EGINTON
        SENIOR U.S. DISTRICT JUDGE