**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

STEPHEN M. KENNEDY and ALICIA J. CARSON, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

MARK ESPER, Secretary of the Army,

*Defendant*.

No. 3:16-cv-2010-WWE

August 2, 2018

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

ORAL ARGUMENT REQUESTED

**TABLE OF CONTENTS**

INTRODUCTION .......... 1

ARGUMENT .......... 1

I. The Court has ample authority to decide Plaintiffs' claims and provide relief. .......... 1

A. Plaintiffs' class claims are not moot. .......... 2

B. This Court can provide the relief that Plaintiffs request. .......... 3

C. Plaintiffs' claims are not barred by exhaustion. .......... 5

II. This Court should certify the class proposed by Plaintiffs. .......... 7

A. Plaintiffs have satisfied the requirements of Rule 23(a). .......... 7

B. Plaintiffs meet the requirements of Rule 23(b)(2). .......... 9

CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aetna Cas. & Sur. Co. v. United States*,
71 F.3d 475 (2d Cir. 1995) ........................................ 4

*Battle v. FAA*,
393 F.3d 1330 (D.C. Cir. 2005) ........................................ 7

*Bowen v. Massachusetts*,
487 U.S. 879 (1988) ........................................ 3

*Brezler v. Mills*,
220 F. Supp. 3d 303, 324 (E.D.N.Y. 2016) ........................................ 6

*Chappell v. Wallace*,
462 U.S. 296 (1983) ........................................ 6

*Citizens to Preserve Overton Park, Inc. v. Volpe*,
401 U.S. 402 (1971) ........................................ 5

*Comer v. Cisneros*,
37 F.3d 775 (2d Cir. 1994) ........................................ 2, 3

*Crane v. Sec'y of Army*,
92 F. Supp. 2d 155 (W.D.N.Y. 2000) ........................................ 6

*Damus v. Nielsen*,
No. 18-578 (JEB), 2018 WL 3232515 (D.D.C. July 2, 2018) .................... 1, 4, 8, 10

*Darby v. Cisneros*,
509 U.S. 137 (1993) ........................................ 5, 6

*Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*,
445 U.S. 326 (1980) ........................................ 3

*Dibble v. Fenimore*,
545 F.3d 208 (2d Cir. 2008) ........................................ 6

*Florida Power & Light Co. v. Lorion*,
470 U.S. 729 (1985) ........................................ 4

*Guertin v. United States*,
743 F.3d 382 (2d. Cir. 2014) ........................................ 4

*Guitard v. U.S. Sec'y of Navy*,
967 F.2d 737 (2d Cir. 1992) ....................................................................................4

*In re Hydrogen Peroxide Antitrust Litig.*,
552 F.3d 305 (3d Cir. 2008) ....................................................................................7

*In re Initial Pub. Offerings Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006) ......................................................................................7

*In re U.S. Foodservice Inc. Pricing Litig.*,
3:06-CV-1657 CFD, 2011 WL 6013551 (D. Conn. Nov. 29, 2011), *aff'd*, 729 F.3d 108 (2d Cir. 2013)..........................................................................................7

*Johnson v. Nextel Commc'ns Inc.*,
780 F.3d 128 (2d Cir. 2015) ....................................................................................8

*Jones v. New York State Div. of Military & Naval Affairs*,
166 F.3d 45 (2d Cir. 1998) ......................................................................................6

*Kreis v. Sec'y of Air Force*,
866 F.2d 1508 (D.C. Cir. 1989)...............................................................................5

*Marisol A. v. Giuliani*,
126 F.3d 372 (2d Cir. 1997) ....................................................................................9

*Monk v. Mabus*,
No. 3:14-CV-00260 (D. Conn. Nov. 18, 2014)........................................................3

*Salazar v. King*,
822 F.3d 61 (2d Cir. 2016) ......................................................................................2

*Shelter Realty Corp. v. Allied Maint. Corp.*,
574 F.2d 656 (2d Cir. 1978) ....................................................................................7

*Shepherd v. McHugh*,
No. 3:11-cv-00641 (D. Conn. Apr. 21, 2011) ..........................................................3

*State of New York v. U.S. Dep't of Commerce*,
No. 18-cv-2921 (JFM), 2018 WL 3581350 (S.D.N.Y. July 26, 2018).......................5

*Sykes v. Mel S. Harris and Assocs. LLC*,
780 F.3d 70 (2d Cir. 2015) ................................................................................9, 10

*Tyson Foods, Inc. v. Bouaphakeo*,
136 S. Ct. 1036 (2016) .............................................................................................7

*United States ex rel. Accardi v. Shaughnessy*,
347 U.S. 260 (1954)..................................................................................................7

*Valentino v. Carter-Wallace, Inc.*,
97 F.3d 1227 (9th Cir. 1996)........8

*Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*,
435 U.S. 519 (1978)........4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)........9, 10

*Webster v. Doe*,
486 U.S. 592 (1988)........5

*White v. Mathews*,
559 F.2d 852 (2d Cir. 1977)........2

**STATUTES**

5 U.S.C. § 702........5

5 U.S.C. § 703 (2012)........3

10 U.S.C. §§ 1552, 1553........6, 9

10 U.S.C. § 1553........4, 5

**OTHER AUTHORITIES**

32 CFR § 581.3 (2016)........9

Fed. R. Civ. P. 23(a)(4)........passim

## INTRODUCTION

Plaintiffs ask this Court to hold the Army Discharge Review Board (ADRB) to its legal obligation to provide veterans with post-traumatic stress disorder (PTSD) and related conditions a meaningful opportunity to upgrade their service characterizations. The Court should certify a class and order the ADRB to follow its own concrete and binding rules, in compliance with the Administrative Procedure Act (APA), and to provide all class members with the opportunity for a fair hearing, as required by the Due Process Clause.

Defendant raises a host of jurisdictional arguments in opposition, but the Court should reject each of them. *First*, Plaintiffs' class claims are not moot because they satisfy two long-established exceptions to the mootness doctrine. *Second*, this Court has ample authority to certify and provide relief to Plaintiffs' proposed class because they seek only to hold Defendant to its preexisting legal obligations. *Third*, the Court should reject Defendant's exhaustion theories, just as most courts within and outside this circuit have done.

Plaintiffs' class claims also satisfy Rule 23's requirements. The ADRB's violation of its own procedural rules raises a straightforward, common question requiring a common answer. Courts may properly certify classes challenging an agency's failure to follow required *procedures* in adjudicating certain proceedings, even if *outcomes* depend on individual circumstances. *See, e.g.*, *Damus v. Nielsen*, No. 18-578 (JEB), 2018 WL 3232515 (D.D.C. July 2, 2018). The law provides a clear standard for all discharge upgrade hearings involving PTSD, but the Army consistently ignores it. Class certification is thus necessary and appropriate.

## ARGUMENT

### I. The Court has ample authority to decide Plaintiffs' claims and provide relief.

Defendant first asks this Court to find Plaintiffs' claims moot, notwithstanding clear authority to the contrary. Defendant would have this Court impose a novel administrative exhaustion obligation

on Plaintiffs, but at the same time alleges that Plaintiffs seek to impose new obligations on the Army. The Court should reject these arguments and adjudicate the merits of Plaintiffs' motion for class certification.

**A. Plaintiffs' class claims are not moot.**

Plaintiffs' class claims fall into two well-established mootness exceptions, both of which are meant to prevent the Army from avoiding judicial review merely by upgrading the discharge statuses of Mr. Kennedy and Ms. Carson alone. *See* Pls.' Mem. in Supp. of Class Cert. (Pls.' Mem.), ECF No. 51 at 7–16. Defendant fails to adequately address these exceptions. *See* Def.'s Mem. in Opp. to Class Cert (Def.'s Opp.), ECF No. 52 at 4–6.

First, Defendant asserts that neither "inherently transitory" nor "voluntary cessation" mootness exceptions apply because remand "was proper under the APA." Def.'s Opp. at 5. But under the "inherently transitory" mootness exception, the relevant "inquiry is not *why* the claim will become moot"; rather, it is simply "whether the court will have time to rule on a motion for class certification brought by a plaintiff." *Salazar v. King*, 822 F.3d 61, 74 (2d Cir. 2016). As Plaintiffs have explained, judicial actions that tend to increase the likelihood of plaintiffs' claims becoming moot can themselves render those claims inherently transitory. *See Comer v. Cisneros*, 37 F.3d 775, 799 (2d Cir. 1994); Pls.' Mem. at 15–16. The courts' presumption in favor of voluntary remand is precisely what makes Plaintiffs' claims "inherently transitory" in the first place. *See id.* at 14–15.

Second, Defendant's proper decision, on remand, to upgrade Mr. Kennedy and Ms. Carson's discharges to Honorable status supports Plaintiffs' "voluntary cessation" exception argument. By definition, a defendant's "voluntary cessation" of illegal conduct will consist of proper, lawful behavior. *See, e.g.*, *White v. Mathews*, 559 F.2d 852, 857 (2d Cir. 1977) (finding that class claims were not moot because they fell within the voluntary cessation exception even when defendant resolved plaintiff's individual claims by properly granting a delayed hearing). By finally doing the right thing

and "voluntarily ceas[ing] [its] allegedly illegal conduct," an agency cannot create "an administrative power to dispose of public and private interests without judicial review." *Comer* 37 F.3d at 800. The Court should not allow the Army to do so here.

This Court's short remand order in *Monk v. Mabu*s, No. 3:14-CV-00260 (D. Conn. Nov. 18, 2014) is also no help to Defendant. *See* Def's Opp. at 5. First, in *Monk*, this Court did not consider or address either class exception to mootness because the parties did not have the opportunity to raise these arguments. In fact, no other case cited by Defendant addresses mootness in the class context *at all*. Second, when viewed in light of the Army's actions after the *Monk* litigation concluded, *Monk* neatly demonstrates Defendant's pattern of seeking remand in this Court in order to avoid judicial review. Nor are the Army's actions in *Monk* the only time the Army has provided an upgrade to a plaintiff seeking to represent a class. *See Shepherd v. McHugh*, No. 3:11-cv-00641 (D. Conn. Apr. 21, 2011); Pls.' Mem. at 2. The two mootness exceptions apply precisely because a finding of mootness would yet again "frustrate the objectives of class action" and leave "aggrieved persons . . . without any effective redress." *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980).

**B. This Court can provide the relief that Plaintiffs request.**

As Plaintiffs explained in response to an identical argument nearly a year ago, *see* Pls.' First Reply Mem. in Supp. of Class Cert., ECF No. 27 at 2–5, nothing about the relief Plaintiffs request exceeds this Court's remedial powers. Each of Defendant's arguments to the contrary misconstrues the governing law or Plaintiffs' argument and should therefore be rejected. *See* Def.'s Opp. at 6–10.

First, Defendant incorrectly claims that an injunction "is not available" to remedy an APA violation. *See id.* at 6. To the contrary, the APA expressly provides for "any applicable form of legal action, including . . . mandatory injunction." 5 U.S.C. § 703 (2012). Defendant's argument is also inconsistent with the precedent that binds this Court. *See, e.g.*, *Bowen v. Massachusetts*, 487 U.S.

879, 905 (1988) (explaining that "circumstances may make it appropriate for judicial review to culminate in the entry of declaratory or injunctive relief that requires the Secretary to modify future practices"); *Aetna Cas. & Sur. Co. v. United States*, 71 F.3d 475, 479 (2d Cir. 1995) (finding a government obligation "to be enforceable by injunctive relief under the APA").[1] Here, one-off relief would be ill-matched to the ADRB's ongoing and systematic failure to consider veterans' PTSD diagnoses. The proposed class injunction is thus appropriate and necessary to enforce the ADRB's obligations under the Hagel Memo, 10 U.S.C. § 1553, and the APA.

Second, the *Vermont Yankee* rule prohibiting free-form judicial regulation does not bar the proposed class injunction. *See* Def.'s Opp. at 7–8. *Vermont Yankee* does not diminish the Court's authority to "determine whether the agency complied with . . . the relevant statutes," or with policies that the agency has adopted itself. *Id.* at 524, 549 n.21. And that is all that Plaintiffs ask here: that the Court rectify the ADRB's failure to apply the decisional standards already established by the Hagel Memo and now codified at 10 U.S.C. § 1553.[2]

Finally, the proposed injunction is not inconsistent with the deference the Court may give ADRB decisions. *See* Def.'s Opp. at 8–9. For one thing, this is a premature dispute about the standard of review on the merits rather than a genuine jurisdictional difficulty relevant to the class-certification

[1] Defendant's reliance on *Florida Power & Light Co. v. Lorion*, 470 U.S. 729 (1985), and *Guertin v. United States*, 743 F.3d 382 (2d. Cir. 2014) is misplaced. In *Guertin*, the Second Circuit discussed *Florida Power & Light*'s statement that, "if an agency is found to have acted arbitrarily or capriciously, 'the proper course, *except in rare circumstances*, is to remand to the agency for additional investigation or explanation.'" *Id*. at 388 (quoting *Florida Power & Light*, 470 U.S. at 744). The qualifying language in *Florida Power & Light* means "there are occasions in which remand to the agency for further review is not appropriate." *Id.* In short, there is no categorical rule limiting this Court's remedial authority only to vacatur and remand. *See, e.g.*, *Damus*, 2018 WL 3232515, at *18.

[2] *Vermont Yankee* is inapplicable for two other reasons. First, it only limits a court's ability to require an agency to conduct additional proceedings *not otherwise required by law*. But Plaintiffs' proposed injunction would do nothing more than require the ADRB to follow its own procedures and apply its own standards. *See* Amended Complaint (Am. Compl.), (ECF No. 11) at 34. *Compare Guitard v. U.S. Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) (finding that *Vermont Yankee* barred court-mandated additional hearings because they were "not mandated by the Administrative Procedure Act or by other statute or regulation"), *with Damus*, 2018 WL 3232515, at *11, *18 (certifying class and entering preliminary injunction directing agency to apply its own internal procedures and regulations in its own proceedings). Second, by its terms, *Vermont Yankee* applies only to rulemakings—not to adjudications like ADRB proceedings. 435 U.S. 519, 542 (1978).

stage of this litigation. *Cf. Kreis v. Sec'y of Air Force*, 866 F.2d 1508, 1515 (D.C. Cir. 1989) (finding claims justiciable while deferring to the military). Defendant does not explain why judicial deference to ADRB decisions prevents the Court from examining those decisions at all. *Cf. State of New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JFM), 2018 WL 3581350, at *15 (S.D.N.Y. July 26, 2018) (in challenge to 2020 Census, declining to dismiss APA claims, and holding that "[t]he need for judicial deference does not justify judicial abdication").

Moreover, Defendant's argument runs counter to the core presumption of the APA, which provides that "a person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702; *see also Kreis*, 866 F.2d at 1513 ("The APA erects a 'presumption of judicial review' at the behest of those adversely affected by agency action.") (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 140 (1967)). There are certain exceptions to this presumption, but none applies here. Defendant has identified no "clear and convincing evidence of a legislative intent to restrict access to judicial review," *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971), and the Hagel Memo and 10 U.S.C. § 1553 provide clear standards against which to measure Defendants' actions. *See Webster v. Doe*, 486 U.S. 592, 600 (1988). Plaintiffs' claims are justiciable and appropriate for class certification.

**C. Plaintiffs' claims are not barred by exhaustion.**

Mr. Kennedy and Ms. Carson exhausted all required administrative remedies when they applied to and received final, adverse decisions from the ADRB. But Defendant argues that the mere possibility of further administrative applications bars class certification. *See* Def.'s Opp. at 12–13. This is incorrect. Absent specific statutory or regulatory language, "courts are not free to impose an exhaustion requirement as a rule of judicial administration where the agency action has already become 'final' under [the APA]." *Darby v. Cisneros*, 509 U.S. 137, 154 (1993).

Defendant cites no such statutory or regulatory exhaustion requirements governing the ADRB or ABCMR—because there are none. *See* 10 U.S.C. §§ 1552, 1553. Rather, judicial review via the APA *is* the congressionally contemplated remedy for individuals improperly denied by the ADRB. *See Darby*, 509 U.S. at 143. Because Mr. Kennedy and Ms. Carson were not required to appeal their final ADRB decisions beyond statutory requirements prior to filing their APA claims in this court, exhaustion does not bar class certification.

Finding no exhaustion requirement in the relevant statutes and regulations, and contrary to the Supreme Court's holding in *Darby*, Defendant nonetheless asks this court to import several exhaustion requirements from the Section 1983 context to this APA action. *See* Def.'s Opp. at 12–13 (citing *Jones v. New York State Div. of Military & Naval Affairs,* 166 F.3d 45, 54–55 (2d Cir. 1998)). But courts in this circuit have squarely rejected that argument, concluding instead that "the better view is that *Jones* merely reflects that *Darby*, by its own terms, is limited to APA cases." *Brezler v. Mills*, 220 F. Supp. 3d 303, 324 (E.D.N.Y. 2016); *see also Crane v. Sec'y of Army*, 92 F. Supp. 2d 155, 161 (W.D.N.Y. 2000) ("Almost without exception, federal courts throughout this country have also declined to create a military exception to the Court's decision in *Darby*."). Moreover, in *Jones*, "[t]he exhaustion requirement [was] contained in the very regulations that plaintiff seeks to have enforced." 166 F.3d at 55. Even if it were permissible to import exhaustion requirements intended for the § 1983 cause of action into an APA cause of action, *Jones* is nonetheless distinguishable because the regulation in question required exhaustion, and here Defendant has identified no regulation requiring exhaustion.

Finally, Defendant asks this court not to intervene because of "the special relationship" between the military and its personnel. *Chappell v. Wallace*, 462 U.S. 296, 301-04 (1983). However, the Second Circuit held in *Dibble v. Fenimore*, 545 F.3d 208, 210 (2d Cir. 2008), that the doctrine of intramilitary immunity does not preclude judicial review of the Board's decision under the APA.

## II. This Court should certify the class proposed by Plaintiffs.

### A. Plaintiffs have satisfied the requirements of Rule 23(a).

First, Defendant misstates Plaintiffs' evidentiary burden with respect to Rule 23(a)(2)'s commonality requirement. "Plaintiffs' burden at the class certification stage is not to prove the element of [a legal injury] . . . [but rather] to demonstrate that the element of [a legal injury] is capable of proof at trial through evidence that is common to the class rather than individual to its members." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311–12 (3d Cir. 2008); *see In re U.S. Foodservice Inc. Pricing Litig.*, 3:06-CV-1657 CFD, 2011 WL 6013551, at *3 (D. Conn. Nov. 29, 2011), *aff'd*, 729 F.3d 108 (2d Cir. 2013) (recognizing that *Wal-Mart*'s "rigorous analysis" should not turn a class certification processing "into a protracted mini-trial of substantial portions of the underlying litigation"). Moreover, on a motion for class certification, Plaintiffs may rely on the allegations in their complaint. *See Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661 n.15 (2d Cir. 1978). The statistical evidence in Plaintiffs' complaint demonstrates that a common question—whether the ADRB has systematically failed to abide by its own rules in adjudicating cases that allege PTSD[3]—*is* susceptible to proof by evidence common to all class members.[4] Plaintiffs bear the burden to *prove* such class-wide failure at trial—not now.[5]

Second, contrary to Defendant's assertions, Plaintiffs' claims are not too "individualized" and "fact-intensive" to provide a common question suitable for class-wide resolution. *See* Def.'s Opp. at

---

[3] Defendant has admitted that, as a matter of policy, it adopted the Hagel Memo for the ADRB prior to its 2017 codification. Def.'s Opp. at 18. Based on the *Accardi* doctrine, the Army may not violate its own self-imposed standards where they affect the rights of individuals seeking relief. *See Battle v. FAA*, 393 F.3d 1330, 1336 (D.C. Cir. 2005); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

[4] Plaintiffs' statistical evidence in support of commonality is permissible. The Supreme Court recently held in *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1040 (2016), that statistical evidence from a representative sample can fulfill class certification requirements, as it "may be the only feasible way to establish liability."

[5] To the extent this Court concludes Plaintiffs have failed to carry their burden of proof as to any element of the Rule 23 analysis, Plaintiffs request that this Court hold this motion in abeyance, or deny it without prejudice, so as to permit limited pre-certification discovery. *See In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 40 (2d Cir. 2006).

19–24. Notably, Defendant nowhere denies that even if the Court determines certification of the entire class inappropriate under Rule 23(a)(2), the Court should nonetheless certify an issue class pursuant to Rule 23(c)(4). *See Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996); Pls.' Mem. at 20 n.8. Rule 23(a)(2) requires only that "there are questions of law or fact common to the class." That individual plaintiffs also share different characteristics does not foreclose a class-wide resolution. *See, e.g.*, *Johnson v. Nextel Commc'ns Inc.,* 780 F.3d 128, 137–38 (2d Cir. 2015) ("Rule 23(a)(2) simply requires that there be issues whose resolution will affect all or a significant number of the putative class members.").

A recent decision in a similar case in the District Court for the District of Columbia is instructive. In *Damus v. Nielsen*, the court certified a class of asylum applicants who claimed that the Department of Homeland Security had failed to follow its own internal guidance requiring individualized parole determinations. No. 18-578 (JEB), 2018 WL 3232515 at *6–11 (D.D.C. July 2, 2018). The court allowed that individual circumstances of the applicants might have differed but found those points immaterial in light of the plaintiffs' demonstration that "all (or nearly all) class members were subjected to the same *system* of *de facto* parole denial." *Id.* at *10 (emphasis added). Because the agency failed to apply consistently its own procedure requiring individualized determinations, the court found that the case required "only a common, programmatic analysis," making it susceptible to class treatment. *Id.*

Commonality and typicality requirements are met here for the same reasons as in *Damus*. Because Plaintiffs' proposed class action challenges the Army's criteria for issuing decisions, not the final decisions themselves, the individual features of each class member's claims do not bar certification of the proposed class. Similarly, Defendant's invocation of the Kurta Memo to divide the class fails, as any class-wide injunction would apply equally across the class, even if individual outcomes

might differ. Def.'s Opp. at 19–20. Defendant's discussion of ADRB applicants' individual characteristics, *see id*. at 19–23, is irrelevant to the claim that Defendant's unlawful *procedures* have deprived class members of their rights under rules imposed by the Army itself, the Secretary of Defense, by Congress, and by the Due Process Clause.[6] *See* Pls.' Mem. at 19–20. Unlike in *Wal-Mart Stores, Inc. v. Dukes*, every violation alleged here is traceable to the ADRB's centralized adjudicatory practices, under the responsibility of a single board. *See* 564 U.S. 338, 350, 353 (2011). As such, Plaintiffs' motion for class certification turns exclusively on Defendant's centralized conduct, not the details of class members' individual circumstances, and is amenable to class-wide resolution.

Third, contrary to Defendant's position, these common questions go far beyond merely restating Plaintiffs' causes of action. *See* Def.'s Opp. at 23–24. Plaintiffs here have identified issues that focus squarely on Defendant's unitary course of conduct, which deprives, in an undifferentiated manner, all class members of the procedural protections they are owed. *See* Pls.' Mem. at 19–20. Because the answers to these questions will therefore be common to all class members, they are appropriate to resolve through the vehicle of a class action.[7]

**B. Plaintiffs meet the requirements of Rule 23(b)(2).**

Plaintiffs' proposed injunction is precisely of the sort contemplated by Rule 23(b)(2). Under Rule 23(b)(2), certification of a class for injunctive relief is "appropriate where 'a single injunction . . . would provide relief to each member of the class.'" *Sykes v. Mel S. Harris and Assocs. LLC*, 780

---

[6] That Plaintiffs' claims involve multiple laws is no bar to the suitability of this class for certification. *See Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997) (affirming the certification of a Rule 23 class on the common question of "whether each child has a legal entitlement to the services of which that child is being deprived," despite "myriad constitutional, regulatory, and statutory provisions invoked by the plaintiffs"); *cf.* Def.'s Opp. at 23–24.

[7] Most of Defendant's argument regarding adequacy is merely a variant of its argument against commonality. *See* Def.'s Opp. at 19-24. All the same, Plaintiffs have established that they are capable of adequately representing all potential members of the class. *See* Pls.' Mem. at 27-28. Fed. R. Civ. P. 23(a)(4). Defendant argues that Plaintiffs are inadequate representatives because their action would "bind the hands of those who may succeed them" and "could deprive other potential members of the vast review authority granted to the ABCMR." Def.'s Opp. at 21 n.4, 22. In reality, the injunctive relief sought would do nothing to "bind the hands" of future discharge upgrade applicants. This action has no bearing on potential class members' ability to apply to the ABCMR, a different military board not at issue in this case. *See* 10 U.S.C. § §1552, 1553; 32 CFR § 581.3 (2016).

F.3d 70, 97 (2d Cir. 2015) (quoting *Wal-Mart*, 564 U.S. at 360). The proposed injunction need not provide an equal measure of relief to each class member so long as it "sweeps broadly enough to benefit each class member." *Sykes*, 780 F.3d at 97.

Plaintiffs satisfy that standard. In adjudicating Plaintiffs' discharge upgrade applications, the ADRB did not consistently apply the Army's publicly announced and statutorily required rules of decision—i.e., the Hagel Memo, before or after the Kurta Memo's elaboration—thus violating the APA and the Due Process Clause. While the outcome of any particular ADRB proceeding depends on individual facts, Defendant's systematic failure to apply its own standards is the general course of conduct that unites the proposed class. Am. Compl. at ¶¶ 139–53; Pls.' Mem. at 19–20. This conduct is "unlawful as to all of the class members or as to none of them." *Wal-Mart*, 564 U.S. at 360; *see also Damus*, 2018 WL 3232515 at *11 (holding that determination of whether departure from agency guidance was unlawful would resolve all class members' claims "in one stroke"). Certification of this injunctive class under Rule 23(b)(2) is therefore appropriate.

In the same manner, the entire class will benefit from Plaintiffs' proposed injunction, which would ensure that Defendant employ consistent standards regarding the effects of class members' PTSD. The proposed safeguards will benefit each class member by ensuring that final ADRB decisions are not arbitrary, but are based on the legally required standards, with consistent and appropriate weight given to evidence of PTSD. *See Sykes*, 780 F.3d at 97.[8]

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiffs' motion for class certification.

Dated: August 2, 2018
New Haven, Connecticut

[8] Defendant's other arguments—that the Court lacks jurisdiction to grant Plaintiffs' requested injunction and that the "individualized nature" of ADRB proceedings forecloses injunctive relief, *see* Def.'s Opp. at 25—are recapitulations of arguments already addressed in Sections I and II of this Reply and should likewise be rejected. Class certification is appropriate under Rule 23(b)(2).

Respectfully submitted,

By: /s/ *Susan J. Kohlmann*

Susan J. Kohlmann,
*Pro Hac Vice* motion pending
Jeremy M. Creelan,
*Pro Hac Vice* motion pending
Sean D. Nelson,
*Pro Hac Vice* motion pending
Jacob L. Tracer,
*Pro Hac Vice* motion pending
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908
Tel: (212) 891-1678
SKohlmann@jenner.com

By: /s/ *Michael J. Wishnie*

Sam Frizell, Law Student Intern
Jordan R. Goldberg, Law Student Intern
Meredith N. Healy, Law Student Intern
Catherine E. McCarthy, Law Student Intern
Renée Burbank
*Pro Hac Vice* motion forthcoming
Michael J. Wishnie, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
michael.wishnie@ylsclinics.org