UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN M. KENNEDY and ALICIA, CARSON, on behalf of themselves and all similarly situated, | : : : | No. 3:16-cv-02010 (WWE) |
| *Plaintiffs*, | : : | |
| v. | : : | |
| MARK T. ESPER, Secretary of the Army | : | |
| *Defendant*. | : | November 28, 2018 |

**DEFENDANT'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Pursuant to the Court's order at docket entry 72, the defendant hereby responds to the plaintiffs' notice of supplemental authority. Following the plaintiffs' lead, the defendant will confine itself to brief remarks. Defendant submits that the case of *Manker v. Spencer* does not dictate a result in the present case.

In *Manker v. Spencer*, the plaintiffs alleged that the "Navy has issued near-blanket denials to Sailors and Marines seeking discharge upgrades in connection with PTSD, TBI, and other mental health conditions" and that the NDRB "has granted discharge upgrades in just 15 percent of cases in which PTSD was alleged to have been a contributing factor." 3:18-cv-00372, doc. #1, ¶¶ 179-80. The *Manker* Plaintiffs' also allege, "[b]y contrast, in the same period and subject to the same legal regime, the Army Discharge Review Board (ADRB) has granted discharge upgrades in 45 percent of such cases." *Id*. at ¶ 181. This allegation appeared to have strongly influenced the *Manker* Court, where the District Judge noted the "stark contrast" between the Navy's and Army's discharge upgrades. *Manker v. Spencer*, No. 3:18-CV-372 (CSH), 2018 WL 5995486, at *2 (D. Conn. Nov. 15, 2018).

1

In this case, the plaintiffs allege that "in a sample of 200 ADRB decisions issued in 2015, randomly selected from all 368 decisions issued by the ADRB that year and published in the ADRB's online reading room, the ADRB cited the Hagel Memo in only 58 percent of cases involving allegations or indications of PTSD and in only 67 percent of cases involving allegations or indications of PTSD or a PTSD-related condition."  Doc. #11, ¶ 143.

Taking both sets of allegations at face value (both sets of plaintiffs are represented by the Yale Law School Veterans Legal Services Clinic and Jenner & Block, LLP), it is clear that the Court found that that there is a significant difference in how the Navy and the Army are handling the Hagel Memo.  Thus, the *Manker* decision does not automatically entitle Plaintiffs to a class in this case.  Additionally, as Plaintiffs concede that it appears that the Army is consistently applying the Hagel Memo to a significant majority of cases, *see* Doc. #11, ¶ 143; there is *not* an overarching common failure to apply the Hagel Memo.

Further, unlike the plaintiffs in *Manker*, the plaintiffs in *Kennedy* have received discharge upgrades.  As a general matter, the proposed class representatives must have been harmed in the same way as the alleged class members.  *See generally Lewis Tree Service, Inc. v. Lucent Technologies Inc.*, 211 F.R.D. 228, 232 (S.D.N.Y. 2002) (in suit alleging "Y2K defects" involving different products, similarity of alleged defect was not sufficient to establish commonality).  This further undercuts the plaintiffs' argument that the decision in *Manker* should inform this Court's decision, because the class representatives in this case are not appropriate; they are no longer harmed in the same way as the proposed class.

Factually, the *Manker* Decision is distinguishable because of the difference in the harm alleged by the plaintiffs and the difference in how the Army and Navy have handled applications under the Hagel Memo.  For the reasons set forth in the defendant's prior briefs, the defendant

2

respectfully requests that the Court deny the plaintiffs' motion for class certification and dismiss the case.

                                            The Defendant,

                                            JOHN H. DURHAM
                                            UNITED STATES ATTORNEY

                        By:    /S/ David C. Nelson
                              David C. Nelson (ct25640)
                              Assistant U.S. Attorney
                              157 Church Street, 24th Floor
                              New Haven, Connecticut 06510
                              Tel:    (203) 821-3700
                              Email: David.C.Nelson@usdoj.gov

## **CERTIFICATION**

      I hereby certify that on November 28, 2018, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                            /S/ David C. Nelson
                                                             David C. Nelson (ct25640)
                                                             Assistant United States Attorney