UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEPHEN M. KENNEDY, and ALICIA
J. CARSON,

       16cv2010 (WWE)

    individually and on behalf
    of all similarly situated
    persons,

        Plaintiffs,

v.

MARK ESPER, Secretary of the Army,

        Defendant.

## RULING ON MOTION TO DISMISS

Plaintiffs Stephen Kennedy and Alicia Carson, veterans of the conflicts in Iraq and Afghanistan respectively, filed this action pursuant to the Administrative Procedure Act ("APA") and the Fifth Amendment due process clause, individually and on behalf of all similarly situated persons.   This Court has certified a class that seeks an injunction ordering the Army Discharge Review Board ("ADRB") reviewing less-than-Honorable discharges to follow the directive of the memorandum issued by the Secretary of Defense Hagel ("Hagel Memo") to give "liberal consideration" to diagnoses of post-traumatic stress disorder (PTSD) and similar mental health conditions, and records indicating symptoms of those conditions.   Defendant has filed a motion to dismiss on the basis of mootness, failure to identify deprivation of an interest protected by due process, and failure to challenge an agency action reviewable under the APA.   For the following

1

reasons, the motion to dismiss will be denied.

## BACKGROUND

The Court incorporates herein the background included in its ruling granting class certification dated December 21, 2018.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).   When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint or counterclaim must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The pleader is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In its ruling on the motion for class certification, the Court certified a class comprising All Army, Army Reserve, and Army National Guard veterans of the Iraq and Afghanistan era—the period between October 7, 2001 to present—who (a) were discharged with a less-than Honorable service characterization (this includes General and Other than Honorable discharges from the Army, Army

Reserve, and Army National Guard, but not Bad Conduct or Dishonorable discharges); (b) have not received discharge upgrades to Honorable; and (c) have diagnoses of PTSD or PTSD-related conditions or record documenting one or more symptoms of PTSD or PTSD-related conditions at the time of discharge attributable to their military service under the Hagel Memo standards of liberal and special consideration.   In that ruling, the Court found that this Court has jurisdiction, that the class action claims were not moot, and that plaintiff's claims were appropriate for judicial review after a final agency decision from the ADRB.   The Court will not revisit arguments and adheres to its rulings dated December 21, 2018.

## **CONCLUSION**

For the foregoing reasons, the motion to dismiss [Doc. #50] is DENIED.


/s/Warren W. Eginton

Warren W. Eginton,
Senior U.S. District Judge

Dated this 21st day of December 2018 at Bridgeport, Connecticut.