## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN M. KENNEDY and ALICIA J. CARSON, on behalf of themselves and all others similarly situated, | No. 3:16-cv-2010-WWE |
| *Plaintiffs*, | |
| v. | March 6, 2019 |
| MARK T. ESPER, Secretary of the Army, | |
| *Defendant*. | |

### PLAINTIFFS' RULE 26(f) REPORT

| | |
|---|---|
| **Date Complaint Filed:** | December 8, 2016 |
| **Date Complaint Served:** | December 23, 2016 |
| **Date of Defendant's Appearance:** | February 21, 2017 |
| **Date Amended Complaint Filed:** | April 17, 2017 |

Pursuant to Fed. Rs. Civ. P. 16(b) and 26(f) and D. Conn. L. Civ. R. 16, counsel for the Plaintiffs asked counsel for Defendant to confer and develop a proposed discovery schedule. Counsel for all parties spoke by telephone on February 26, 2019, at which time counsel for Defendant expressed his view that this case is exempt from Rule 26(f), no Rule 26(f) report is required for submission to the Court, and discovery is not appropriate. Plaintiffs disagree and believe that Rule 26(f) does apply to this case, submission of a report is required, and discovery is appropriate. Accordingly, the parties agreed that Plaintiffs would submit their proposed discovery plan, Defendant would briefly state its objection, and Defendant would separately move the Court for a status conference.

Michael J. Wishnie and Renée A. Burbank, supervising attorneys, and Samuel J. Davis, Andrew C. DeGuglielmo and Samuel E. Frizell, law student interns, of the Jerome N. Frank Legal Services Organization, Yale Law School, for the Plaintiffs; and Dave Nelson, Assistant United States Attorney, for the Defendant, participated in the February 26, 2019 telephone conversation.

It is the Plaintiffs' position that a Rule 26(f) report is required in this case and that discovery should proceed expeditiously. Plaintiffs have alleged systemic and systematic failures to properly implement existing law and guidance in violation of the Administrative Procedure Act (APA). *See* Am. Compl. ¶¶ 164-169. The Army's systemic failures are not fully reflected in the Army's administrative decisional records alone, let alone in only the decisional records of the two named plaintiffs here. *See* Am. Compl. ¶ 152 (alleging the existence of an undisclosed Army policy); Am. Compl. ¶¶ 143-146 (alleging that the Army only cited the relevant instructions in some of its discharge-upgrade decisions). Discovery is appropriate in APA cases where, as here, "the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997). Because the de minimis agency record before the court would "frustrate effective judicial review," the remedy is "to obtain from the agency . . . such additional explanation of the reasons for the agency decision as may prove necessary." *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973).

In addition, Plaintiffs have separately alleged that defendant agency failed to meaningfully or consistently apply the standards to which they were entitled in discharge upgrade procedures in violation of the Due Process Clause of the Fifth Amendment. *See* Am. Compl. ¶¶ 170-179; *see also* Ruling on Mot. to Dismiss, ECF No. 75. Plaintiffs' position is that this Fifth Amendment claim is legally distinct from their APA claim and entitles them to discovery on separate grounds. When suits combine an APA claim with other claims that would normally get discovery, courts

have allowed discovery on those other claims. *See, e.g.*, *McKoy v. Spencer*, CV 16-1313 (CKK), 2019 WL 400615, at *12 (D.D.C. Jan. 31, 2019) (denying discovery on plaintiff's APA claims but permitting it under related due process and First Amendment claims where the latter did not challenge the substance of the agency's decision); *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 394-98 (D. Conn. 2008), *aff'd*, 587 F.3d 132 (2d Cir. 2009) (noting that the court had permitted discovery on a suit that combined an APA claim with due process claims); *P.R. Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urb. Dev.*, 59 F. Supp. 2d 310, 327-28 (D.P.R. 1999); *see also Webster v. Doe*, 486 U.S. 592, 601, 604 (1988) (finding that the district court maintained "latitude" to control discovery regarding the plaintiff's constitutional claims where APA claims had been dismissed in case alleging both constitutional and APA violations).

It is the Defendant's position, as described in Defendant's Motion for a Status Conference, that there is no need for a Local Rule 26(f) report, initial disclosures, or discovery in this case. Therefore, the following information, schedules, proposed facts, etc., (set forth below) represent only the Plaintiffs' position, and not the Defendant's position.

Because Plaintiffs maintain that they are entitled to discovery under their Administrative Procedure Act and Due Process claims, they propose the discovery plan set forth below in accordance with Rule 26(f).

## I.    Certification

Plaintiffs' counsel certify that, after consultation with their clients, they have discussed the nature and basis of Plaintiffs' claims and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Plaintiffs' counsel further certify that they have forwarded a copy of this report to their clients.

II.     **Jurisdiction**

    **A.  Subject-Matter Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1331. This action arises under the Administrative Procedure Act, 5 U.S.C. § 706. Subject matter jurisdiction is not contested.

    **B.  Personal Jurisdiction**

Personal jurisdiction is not contested.

III.    **Brief Description of Case**

This is a case concerning the discharge of military veterans who may have post-traumatic stress disorder (PTSD), traumatic brain injury (TBI), or other related mental health conditions that they developed as a result of their military service or as a result of an experience of military sexual trauma (MST). The Army Discharge Review Board (ADRB) is charged by Congress with correcting the official military records of veterans who were improperly or inequitably discharged from the United States Army. The Court has certified a class challenging the procedures by which the ADRB adjudicates these claims and has denied the Secretary's motion to dismiss. *See* ECF Nos. 74, 75.

    **A.  Claims of Plaintiffs**

        **1.  Statutory Claims**

1.  By failing to meaningfully apply instructions contained in the Hagel Memo, which directs the ADRB to give "liberal consideration" to discharge-upgrade applications from veterans alleging PTSD or related mental-health conditions, *see* Ex. 1 to Am. Compl., ECF No. 11-1, Memorandum from Chuck Hagel, Secretary of Defense ("Hagel Memo") (Sept. 3, 2014), and by failing to give reasoned explanations for its failure to consistently apply relevant legal standards, the Secretary has acted arbitrarily and capriciously, in abuse of his discretion, and contrary to law, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A) (2018).

4

2.  By frequently and unlawfully failing to maintain records that it professes are important to the resolution of applicants' cases, the Secretary has acted in violation of the APA, *id.* § 552a(e)(5).

### 2.  Constitutional Claims

3.  The Secretary's persistent failure to maintain these records also denies applicants a meaningful opportunity to be heard, in violation of the Fifth Amendment to the U.S. Constitution.

4.  By not consistently or meaningfully applying the Hagel Memo and failing to accord liberal consideration of applicants' claims, Defendant has failed to follow its own rules, thereby denying applicants the due process protections guaranteed to them by the Fifth Amendment to the U.S. Constitution.

5.  By arbitrarily and baselessly denying upgrade applications without addressing applicants' claims or, in the alternative, denying applications on the basis of an undisclosed policy, the Secretary has denied veterans a meaningful opportunity to be heard in violation of the Fifth Amendment of the U.S. Constitution.

### 3.  Relief Sought

1.   Grant all appropriate and equitable relief to redress past injury and to restrain future injury to class members;

2.   Direct, by issuance of an injunction, measures sufficient to ensure that defendant establishes constitutionally and statutorily compliant adjudication procedures, including but not limited to publication of any secret policies used in adjudicating claims before the ADRB, improved training of agency personnel, and clarified evidentiary standards compliant with the Hagel Memo;

3.   Direct, by issuance of an injunction, measures sufficient to ensure that the Secretary meaningfully and consistently applies its own procedural standards in considering the effects of class members' PTSD when determining whether to upgrade their discharge statuses;

4.   Award attorneys' fees and costs to plaintiffs; and

5.   Grant any other relief that the Court deems just and proper.

**B. Defenses and Claims (Counterclaims, Third-Party Claims, Cross Claims), of the Secretary**

The Secretary has filed a substantive motion to dismiss, ECF No. 50, which Plaintiffs opposed, ECF No. 53, and the Court denied, ECF No. 75.

**C. Defenses and Claims of Third-Party Defendant(s)**

There are no Third-Party defendants in this matter.

**IV.   Statement of Undisputed Facts**

Plaintiffs' counsel certify that they have made a good-faith attempt to determine whether there are any material facts that are not in dispute. Plaintiffs' counsel states that the following material facts are undisputed:

1.   The ADRB was established by the Secretary of the Army pursuant to 10 U.S.C. § 1553 (2018) to review the discharge or dismissal of any former member of the naval service.

2.   The procedures and standards for ADRB review of discharge upgrade applications are found in 30 C.F.R. Part 70 (2018), Department of Defense (DoD) Instruction 1332.28, and other DoD and Army policy and guidance memoranda.

3.   On September 3, 2014, the Secretary of Defense issued a memorandum providing supplemental guidance to the Boards for Correction of Military Records, which are authorized under 10 U.S.C. § 1552 (2018), to provide liberal consideration to former members with post-traumatic stress disorder (PTSD) or related conditions. *See* Hagel Memo. Under the Hagel Memo,

6

PTSD and "PTSD-related conditions" must be regarded as "potential mitigating factors in the misconduct that caused the under other than honorable conditions characterization of service" in Boards' consideration of discharge upgrade applications. *Id.*

4.   The ADRB began applying the Hagel Memo in some cases even though by its terms the memo refers only to the Boards for Correction of Military Records and the instructions had not been codified in any statute. *See, e.g.*, ADRB Decision No. AR20150017587, May 9, 2016, http://boards.law.af.mil/ARMY/DRB/CY2015/AR20150017587.txt.

5.   On December 23, 2016, a new provision was added to 10 U.S.C. § 1553 requiring Discharge Review Boards to review cases with "liberal consideration" where "post-traumatic stress disorder or traumatic brain injury potentially contributed to the circumstances resulting in the discharge or dismissal or to the original characterization of the member's discharge or dismissal." 10 U.S.C. § 1553(d)(3)(A)(ii).

6.   On August 25, 2017, the Under Secretary of Defense for Personnel and Readiness issued clarifying and supplemental guidance that applied to both Military Discharge Review Boards and Boards for Correction of Military/Naval Records. *See* Ex. C to Mot. for Class Cert., ECF No. 51-5, Memorandum from Anthony Kurta, Under Secretary of Defense for Personnel and Readiness (hereinafter "Kurta Memo") (Aug. 25, 2017). The Kurta Memo stated that the "supplemental guidance provided by then-Secretary Hagel on September 3, 2014, as clarified in this guidance, also applies to both BCM/NRs and DRBs." *Id.*

7.   When the ADRB makes a factual determination after considering contrasting evidence in the record, "the decisional document shall set forth the conflicting evidence and explain why the information relied upon was more persuasive than the information that was rejected." 32 C.F.R.

§ 70.8(e) (2018); see also DoD Instruction 1332.28, Discharge Review Board Procedures and Standards (April 4, 2004).

8.   The Army, as a federal agency, is responsible for maintaining records for a variety of official purposes. *See* 5 U.S.C. § 552a(e)(5); 44 U.S.C. §§ 3101, 3301 (2018).

**A.  With Regard to Plaintiff Stephen M. Kennedy**

1.   On July 27, 2009, Mr. Kennedy was discharged from the Army with a service characterization of General after going absent without leave as a result of his struggles with PTSD following his deployment to Iraq.

2.   Mr. Kennedy applied *pro se* to the ADRB for a discharge upgrade in November 2010, and again in February 2015. The ADRB denied his application both times.

3.   Mr. Kennedy filed the present action to dispute the ADRB's denial of his discharge upgrade application on December 8, 2016, ECF No. 1, and filed an amended complaint on April 17, 2017, that joined Plaintiff Alicia Carson and added class claims, ECF No. 11.

4.   After this Court remanded Mr. Kennedy's application to the ADRB in September 2017, ECF No. 29, the ADRB upgraded Mr. Kennedy's discharge status to Honorable on March 29, 2018, but failed to fully correct his stigmatizing narrative reason for separation, ECF No. 47.

**B.  With Regard to Plaintiff Alicia J. Carson**

1.   Ms. Carson was discharged from the Army with a service characterization of General on May 29, 2012, after missing drill practices due to her diagnosed PTSD and traumatic brain injury (TBI).

2.   Ms. Carson applied for a discharge upgrade from the ADRB in April 2015 and was denied. Ms. Carson joined the present action on April 17, 2017, ECF No. 11.

3.   After this Court remanded Ms. Carson's application to the ADRB in September 2017, ECF No. 29, Ms. Carson's discharge status was upgraded to Honorable on October 18, 2017, ECF No. 30-01.

**V.      Case-Management Plan**

**A.  Initial Disclosures**

Plaintiffs propose that the parties will serve initial disclosures within fourteen days of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

**B.  Scheduling Conference with the Court**

Defendant will separately move, with consent of Plaintiffs, for a pretrial conference with the Court.

Plaintiffs prefer that a scheduling conference, if held, be conducted in person with the provision to allow out-of-state counsel (including agency counsel) to participate by phone.

**C.  Early Settlement Conference**

1.   Plaintiffs certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. The parties have explored the possibility of settlement and plaintiffs believe that further discussion may be fruitful pending defendant's agreement.

2.   Plaintiffs do not request an early settlement conference at this time.

3.   Plaintiffs prefer a settlement conference, when such a conference is held, to be held with a magistrate judge. If the parties wish to proceed with a formal settlement conference in the future, they will update their preferences with the Court.

4.   Plaintiffs do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.  Joinder of Parties and Amendment of Pleadings**

The Plaintiffs propose the following for resolution of any issues related to the sufficiency of the pleadings:

1.   Plaintiffs should be allowed until 30 days after the Secretary's answer to file motions to join additional parties or to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

2.   Defendant should be allowed until 30 days after Defendant's answer to join additional parties. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

**E.  Discovery**

Recognizing that the precise contours of this case may not be clear at this point, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). The Plaintiffs' proposed scope and schedules for discovery are set forth below. Defendant believes no discovery is appropriate in this case.

1.   First, to preserve the medically sensitive information and privacy of the class members, Plaintiffs will request a protective order for discovery regarding class plaintiffs.

2.   Second, Plaintiffs anticipate that discovery will be needed on all matters related to the causes of action and defenses raised in both their and the Secretary's pleadings, including but not limited to:

      a.   The Secretary's policies, procedures, and practices related to discharge-upgrade applications involving PTSD, MST, and related conditions;

      b.   Evidentiary standards applied by the Secretary in considering veterans' discharge-upgrade applications involving PTSD, MST, and related conditions;

    c.   Training of ADRB personnel and Board members related to discharge-upgrade applications involving PTSD, MST, and related conditions;

    d.   Material relating to the ADRB's internal quality control review procedures of individual applications, including but not limited to evidentiary standards applied in individual cases, and internal debate or discussion regarding individual applicants;

    e.   Information about the implementation of the Hagel Memo, Kurta Memo, and any other internal guidance or instructions related to discharge-upgrade applications involving PTSD, MST, and related conditions;

    f.   Information about potential members of the class that is possessed by the government;

    g.   Evidence regarding the prevalence of PTSD, TBI, and related mental-health conditions among veterans of the Army;

    h.   Department of Defense and Army personnel involved in designing and executing ADRB policy, practice, and review;

    i.   Each allegation in the Amended Complaint and any subsequent Amended Complaint that is not admitted by the Secretary; and

    j.   Any defense raised by the Secretary.

3.    Last, Plaintiffs propose the following discovery schedule:

    a.   All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 4, 2019, and completed by November 15, 2019.

b.  Fact discovery will be completed on or before August 15, 2019. Expert discovery will be completed on or before November 1, 2019.

c.  The parties may request permission to serve more than 25 interrogatories.

d.  Plaintiffs may call expert witnesses at trial. The Secretary may also call expert witnesses at trial.

e.  Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they *bear* the burden of proof by August 15, 2019. Depositions of any such experts will be completed by September 15, 2019.

f.  Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they *do not bear* the burden of proof by October 15, 2019. Depositions of any such experts will be completed by November 15, 2019.

4.  Plaintiffs seek no damages in this action.

5.  Undersigned counsel have not discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. Plaintiffs have proposed a Document Production Protocol, attached here as an exhibit. The parties will work collaboratively with each other on ESI issues.

6.  Undersigned counsel have not discussed the locations, volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. Plaintiffs have proposed

a Document Production Protocol, attached here as an exhibit. The parties will work collaboratively with each other on non-electronic discovery.

7.   Undersigned counsel have not discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. Plaintiffs request, under Fed. R. Evid. 502(d), a Court order declaring the following procedure regarding claims of attorney-client privilege or protection as attorney work product asserted after inadvertent production:

8.   As soon as practicable after a claim of attorney-client privilege or protection as attorney work product arises or is identified after inadvertent production of any information or documents, the party claiming such privilege shall notify the opposing party in writing, including identification of the claimed documents by Bates Stamp number, if any; the basis for such claim of privilege or protection; and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection. Within seven days of receiving notice of such a claim of privilege, the receiving party will notify the producing party if it agrees with the claim of privilege. If the parties are in agreement with respect to the claim of privilege or protection, the receiving party shall immediately return all copies (electronic and paper) of the information or documents to the producing party or otherwise agree and certify as to their destruction, and the receiving party shall not use such information or documents for any purpose. If the receiving party disclosed the information or documents before being notified, it must take reasonable steps to retrieve such material. If the parties are not in agreement with respect to the claim of privilege or protection as attorney work product, the claimed documents shall be segregated from all other materials, and within 30 days of the communicated claim of privilege or protection, the party

asserting the existence of such privilege or protection shall file a motion for a protective order with the Court.

9.   All motions related to fact discovery shall be filed no later than fifteen days after the close of fact discovery. All other discovery-related motions shall be filed no later than fifteen days after the close of discovery.

### F.  Dispositive Motions

Dispositive motions shall be filed no later than 45 days after the close of discovery. Parties shall file any cross-motions or responses within 30 days of a motion of the opposing party.  Replies shall be filed within 21 days of any responses.

## VI.   Joint Trial Memorandum

The joint trial memorandum required by the *Standing Order on Trial Memoranda in Civil Cases* will be filed within 60 days of the resolution of dispositive motions.

## VII.  Trial Readiness

The case will be ready for trial within 30 days of the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.


Dated:        March 6, 2019
              New Haven, Connecticut

14

Respectfully Submitted,

By: /s/ Michael J. Wishnie

| | |
|---|---|
| Susan J. Kohlmann | Samuel J. Davis, Law Student Intern[*] |
| Jeremy M. Creelan | Andrew C. DeGuglielmo, Law Student Intern[*] |
| Jacob L. Tracer | Samuel E. Frizell, Law Student Intern[*] |
| Jenner & Block LLP | Jordan R. Goldberg, Law Student Intern |
| 919 Third Avenue | Catherine E. McCarthy, Law Student Intern |
| New York, NY 10022-3908 | Michael J. Wishnie, ct27221 |
| Tel: (212) 891-1678 | Renée A. Burbank, ct30669 |
| JCreelan@jenner.com | Veterans Legal Services Clinic |
| | Jerome N. Frank Legal Services Organization |
| | Yale Law School |
| | P.O. Box 209090 |
| | New Haven, CT 06520-9090 |
| | Tel: (203) 432-4800 |
| | michael.wishnie@ylsclinics.org |

*Counsel for Plaintiffs*

---

[*] Motion for law-student appearance forthcoming.