# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN M. KENNEDY and ALICIA, | : | No. 3:16-cv-02010 (WWE) |
| CARSON, on behalf of themselves and | : | |
| all similarly situated, | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| MARK T. ESPER, Secretary of the Army | : | |
| *Defendant*. | : | March 6, 2019 |

### DEFENDANT'S MOTION FOR STATUS CONFERENCE

The defendant hereby moves, with plaintiffs' consent,[1] for a status conference with the Court regarding the plaintiffs' proposed 26(f) report.  In the plaintiffs' proposed Rule 26(f) report, the plaintiffs' have taken the position that such a report is necessary and that discovery is warranted in this case.  The defendant does not believe that discovery is warranted in this case, as briefly set forth below, and the parties are in general disagreement on this issue.

It is the Defendant's position that the Federal Rules of Civil Procedure and the Local Civil Rules of the District of Connecticut, as well as Second Circuit case law, dictate that there is no need for a Local Rule 26(f) report, initial disclosures, or discovery in this case. This is a case brought pursuant to the Administrative Procedure Act.  Local Rule 26(f)(3) states that the rule requiring the parties to engage in a planning conference and file a report "shall not apply to the following categories of cases: . . . review of decisions by administrative agencies . . . ." Similarly, Federal Rule of Civil Procedure 26(a)(1)(B)(i) exempts Administrative Procedure Act cases from initial disclosures, and Rule 26(f)(1) states that the requirement to confer for the purpose of

---

[1] Although the plaintiffs consent to the status conference, the positions stated herein represent the defendant's views.

formulating a 26(f) Report does not apply to a matter exempted from initial disclosures under 26(a)(1)(B). *See also* Local Rule 16. Moreover, as a general matter, review under the APA is confined to the administrative records. *See National Audubon Society*, 132 F.3d at 14 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)). Further, federal courts have routinely addressed due process challenges to correction board decisions based on a review of the board's decision and the administrative record alone. *See Chen-Li Sung v. Doyle*, 988 F. Supp. 2d 1195, 1206 (D. Haw. 2013) (assessing plaintiff's due process challenge to a correction board decision, while analyzing each factor from *Matthews v. Eldridge*, 424 U.S. 319 (1976) based on a review of the administrative record); *Strang v. Marsh*, 602 F. Supp. 1565, 1582 (D.R.I. 1985) (same); *Appleby v. Harvey*, 517 F. Supp. 2d 253, 265 (D.D.C. 2007) (assessing plaintiff's due process claim based on a review of the administrative record); *McEniry v. United States*, CV-86-1223 (JLC), 1989 WL 106851, *2-3 (E.D.N.Y. Sept. 19, 1989) (considering plaintiff's due process claim based on the administrative record but dismissing due to the lack of a cognizable property interest); *Chamness v. McHugh*, 814 F. Supp. 2d 7, 16 (D.D.C. 2011).

This issue is currently being litigated in the case of *Manker, et al. v. Spencer*, 3:18-cv-00372 (CSH). This Court is already aware of the *Manker* case because the plaintiffs submitted Judge Haight's decision to this Court as additional authority. *See* Doc. #71. In calling this Court's attention to Judge Haight's decision in *Manker*, the plaintiffs represented, "plaintiffs here bring substantially similar claims against the Army Secretary that the *Manker* plaintiffs bring against the Navy Secretary …." *Id.*, at pg. 2.

Just as has occurred in this case, in *Manker*, the plaintiffs proposed discovery and the defendant opposed it. Judge Haight held in-court conference where he heard argument and requested further briefing on the issue. The parties are currently engaged in briefing the scope of

discovery issues raised in the plaintiffs' proposed 26(f) case in the *Manker* case.  As Judge Haight

explained:

> I think the issues have been very well articulated, identified by able counsel this morning. So I will maximize the benefit your efforts do for me by getting a transcript; two weeks after you have it, put in briefs. And I suppose that when you read the other side's brief, that may provoke or arouse you to an extent where you would want to put in a reply. And if you feel you must, that's all right -- a week later.

*Manker, et al. v. Spencer*, 3:18-cv-00372 (CSH), Doc. #50, pg. 42.  As it stands now, substantive

briefs in the *Manker* case were submitted on March 4, 2019, with the reply briefs being due on

March 11, 2019.

Wherefore, the defendant respectfully requests a conference to discuss this matter with the

Court.

The Defendant,

JOHN H. DURHAM
UNITED STATES ATTORNEY


By:    /S/ David C. Nelson
        David C. Nelson (ct25640)
        Assistant U.S. Attorney
        157 Church Street, 24th Floor
        New Haven, Connecticut 06510
        Tel:    (203) 821-3700
        Email: David.C.Nelson@usdoj.gov


## CERTIFICATION

I hereby certify that on March 6, 2019, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/S/ David C. Nelson
David C. Nelson (ct25640)
Assistant United States Attorney