## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN M. KENNEDY and ALICIA, | : | No. 3:16-cv-02010 (WWE) |
| CARSON, on behalf of themselves and | : | |
| all similarly situated, | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| MARK T. ESPER, Secretary of the Army | : | |
| *Defendant*. | : | April 4, 2019 |

<u>**MOTION TO SET AN ANSWER DATE**</u>

The defendant hereby requests that the Court set a date for the defendant's answer to the plaintiffs' complaint.  The defendant requests that the Court set an answer date of April 26, 2019. In support of this request, the defendant represents the following.

This case has been vigorously litigated with multiple rounds of briefing.  The latest decision by the Court, which was to deny the defendant's renewed motion to dismiss, was entered on January 9, 2019, at which point undersigned counsel was on furlough because of the Government shutdown.

Upon return from the shutdown, the parties conferred regarding discovery and a potential date for an answer.  After several emails during the month of February, the parties spoke by phone at the end of February or early March regarding the plaintiffs' proposed Rule 26(f) report and the defendant's corresponding motion for a status conference.  During this call the parties discussed their arguments regarding discovery as well as a date for the defendant's answer.  Defense counsel, Attorney Nelson, represented he would request that the Court, during the status conference, set a date for the answer.  Plaintiffs' counsel, Attorney Wishnie, responded that he might have an objection depending on the answer date proposed by Attorney Nelson at the conference.  Following that call and several more email exchanges, on March 6, 2019, the parties, by agreement, filed the

1

plaintiffs' proposed Rule 26(f) report and the defendant's motion for a status conference (docs. #76 & 77).

On Friday, March 22, 2019, one of the student interns emailed Attorney Nelson and asked when the defendant would file an answer.  On Monday, March 25, 2019, Attorney Nelson responded and informed the plaintiffs' counsel that he would check with his client regarding the timeframe.  On Tuesday, March 26, 2019, the same student intern thanked Attorney Nelson.  On Friday, March 29, 2019, the same student intern wrote asking for an update and stated "we intend to move for default on April 5 if no answer is filed by then."  Ex. 1.  In response, Attorney Nelson wrote, "As we discussed during our calls regarding the 26(f) report and the motion for status conference, part of the reason for the potential status conference was to set an answer date. Unfortunately, in the past week I've been out of the office for several depositions in a medical malpractice case and the case is ongoing.  Nevertheless, the government has not been delaying; your complaint is long and any answer must go through several levels of review.  This process is currently ongoing.  Realistically, I believe the Government would be able to answer by April 26th, if not sooner."  Ex. 1.  In response, a different student intern wrote, "If that is the case, please file a motion for an extension with the court. But as April 26th is three months past the Army's deadline, we plan to oppose. Absent a motion, we will move for default on April 5."[1]  Ex. 1.

Today, on April 4, 2019, Attorney Nelson spoke with Attorney Burbank, counsel for the plaintiffs.  The parties were unable to reach an agreement on the answer date, despite the fact that Attorney Nelson explained that he expected that the answer would be filed within a few weeks of the date proposed by the plaintiffs' counsel.

---

[1] Given that the defendant has appeared and filed numerous motions and briefs in this case, default would not be appropriate because the defendant has not failed "to plead or otherwise defend" the case and had filed a motion with the Court requesting a conference.  *See* Fed. R. Civ. P. 55(a).  Further, default judgments against the United States or its officers or agencies are subject to specific rules.  *See* Fed. R. Civ. P. 55(d).

As this Court is aware, the plaintiffs' operative complaint contains over 200 paragraphs and, as evidenced by the briefing thus far, is fairly complex.  The plaintiffs appear to take the position that the Government would have 14 days to answer the complaint following the Court's ruling on the Motion to Dismiss, citing Fed. R. Civ. P. 12(a)(4)(A).  This would have placed the potential answer date during the Government shutdown.  Thus, under the plaintiffs' theory, during the time period when undersigned counsel was placed on furlough and legally unable to work on his cases, undersigned counsel should have responded and filed an answer.

Due to the complexity of the complaint and the allegations therein, undersigned counsel required the assistance of agency counsel to draft a response to the complaint.  Due to agency counsel's own caseload, he needed additional time to assist in drafting an answer.  Further, because this case has been certified as a class action, there were further levels of internal review.

Additional, during time period following undersigned counsel's return after the shutdown, undersigned counsel was not working solely on this case.  Undersigned counsel was engaged with an oral argument in *Manker, et al. v. Spencer*, 3:18-cv-00372 (CSH) and, following oral argument, substantive briefing.  Undersigned counsel was also working on sentencing issues in *U.S. v. Barros*, 3:18-cr-172 (AWT), pretrial motion practice and sentencing issues in *U.S. v. Butler, et al.*, 3:18-cr-22 (VLB), discovery in *Essel v. USA*, 3:17-cv-1867 (AVC), and filing a responsive pleading in a new case, *Dixon v. Inter-Con, et al.*, 1:18-cv-6714 (PKC) (RLM).  In addition to the cases in this Court, undersigned counsel was also working on affirmative cases involving ADA disability discrimination and DEA drug diversion.

Undersigned counsel apologizes to the Court that there has been a delay in filing the answer, but any delay is attributable to the above cases, the shutdown, and the complexity of this case and the corresponding levels of review.  Undersigned counsel had hoped to work

collaboratively with plaintiffs' counsel to avoid satellite litigation but obviously the parties are unable to reach an agreement regarding the answer date. Plaintiffs' counsel has demanded an answer by April 5th and has promised consequences if the answer is not filed in accordance with their timeline, despite the fact that undersigned counsel informed them that he hoped to have the answer filed shortly thereafter.

Wherefore, the defendant respectfully requests that the Court set an answer date of April 26, 2019.

The Defendant,

JOHN H. DURHAM
UNITED STATES ATTORNEY

By: _/S/ David C. Nelson_____
     David C. Nelson (ct25640)
     Assistant U.S. Attorney
     157 Church Street, 24th Floor
     New Haven, Connecticut 06510
     Tel:    (203) 821-3700
     Email:  David.C.Nelson@usdoj.gov

## CERTIFICATION

I hereby certify that on April 4, 2019, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ David C. Nelson_____
David C. Nelson (ct25640)
Assistant United States Attorney

4

# Exhibit 1

**Nelson, David C (USACT)**

| | |
|---|---|
| **From:** | Nelson, David C (USACT) |
| **Sent:** | Tuesday, April 2, 2019 4:27 PM |
| **To:** | 'Samuel Frizell' |
| **Cc:** | Jordan Goldberg; Vlsc_kennedy@mailman.yale.edu; Michael Wishnie; KennedyTeam@jenner.com; Renee Burbank |
| **Subject:** | RE: [vlsc_kennedy] [Kennedy v. Esper: 3:16-2010] Answer to Complaint |

Hi –

I would appreciate it if one of the supervising attorneys could give me a call prior to the plaintiffs filing anything in court.  Thanks.

Dave

**From:** Samuel Frizell <sam.frizell@ylsclinics.org>
**Sent:** Tuesday, April 2, 2019 2:52 PM
**To:** Nelson, David C (USACT) <dnelson3@usa.doj.gov>
**Cc:** Jordan Goldberg <jordan.r.goldberg@ylsclinics.org>; Vlsc_kennedy@mailman.yale.edu; Michael Wishnie <michael.wishnie@ylsclinics.org>; KennedyTeam@jenner.com; Renee Burbank <renee.burbank@YLSClinics.org>
**Subject:** Re: [vlsc_kennedy] [Kennedy v. Esper: 3:16-2010] Answer to Complaint

Dave,

If that is the case, please file a motion for an extension with the court. But as April 26th is three months past the Army's deadline, we plan to oppose. Absent a motion, we will move for default on April 5.

Best,
Sam

--
**Sam Frizell**
Law Student Intern
Veterans Legal Services Clinic
Yale Law School
(917) 363-9705

On Mar 29, 2019, at 4:06 PM, Nelson, David C (USACT) <David.C.Nelson@usdoj.gov> wrote:

Hi Folks,

As we discussed during our calls regarding the 26(f) report and the motion for status conference, part of the reason for the potential status conference was to set an answer date.

Unfortunately, in the past week I've been out of the office for several depositions in a medical malpractice case and the case is ongoing.  Nevertheless, the government has not been delaying; your

1

complaint is long and any answer must go through several levels of review.  This process is currently ongoing.  Realistically, I believe the Government would be able to answer by April 26th, if not sooner.

Dave

---

**From:** Jordan Goldberg <jordan.r.goldberg@ylsclinics.org>
**Sent:** Friday, March 29, 2019 3:14 PM
**To:** Nelson, David C (USACT) <dnelson3@usa.doj.gov>
**Cc:** Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank <renee.burbank@YLSClinics.org>; Vlsc_kennedy@mailman.yale.edu; KennedyTeam@jenner.com
**Subject:** Re: [Kennedy v. Esper: 3:16-2010] Answer to Complaint

Dave,

Do you have any update on this? The U.S. Army's answer was due on January 23 and we are now entering April. If the government continues to delay, we must bring the matter to the court's attention. Therefore, we intend to move for default on April 5 if no answer is filed by then. Please let us know if you intend to file an answer before that date.

Best,
Jordan

---

**From:** Jordan Goldberg
**Sent:** Tuesday, March 26, 2019 12:21 PM
**To:** Nelson, David C (USACT)
**Cc:** Michael Wishnie; Renee Burbank; Vlsc_kennedy@mailman.yale.edu
**Subject:** Re: [Kennedy v. Esper: 3:16-2010] Answer to Complaint

Thanks, Dave. Looking forward to hearing back.

Best,
Jordan

---

**From:** Nelson, David C (USACT) <David.C.Nelson@usdoj.gov>
**Sent:** Monday, March 25, 2019 3:54 PM
**To:** Jordan Goldberg
**Cc:** Michael Wishnie; Renee Burbank; Vlsc_kennedy@mailman.yale.edu
**Subject:** RE: [Kennedy v. Esper: 3:16-2010] Answer to Complaint

Hey- let me check with the client and see what the timeframe is …

Thanks.

Dave

---

**From:** Jordan Goldberg <jordan.r.goldberg@ylsclinics.org>
**Sent:** Friday, March 22, 2019 11:13 AM
**To:** Nelson, David C (USACT) <dnelson3@usa.doj.gov>
**Cc:** Michael Wishnie <michael.wishnie@ylsclinics.org>; Renee Burbank

<renee.burbank@YLSClinics.org>;Vlsc_kennedy@mailman.yale.edu
**Subject:** [Kennedy v. Esper: 3:16-2010] Answer to Complaint

Dave,

We hope you're doing well. We're writing to check on your plan for filing your answer or a motion for an extension of time to do so, as discussed on our call a few weeks ago. Please let us know where things stand when you have a chance.

Best,
Jordan

**Jordan R. Goldberg**
Law Student Intern
Jerome N. Frank Legal Services Organization
Veterans Legal Services Clinic
(352) 538-3305

--
vlsc_kennedy mailing list
vlsc_kennedy@mailman.yale.edu
https://mailman.yale.edu/mailman/listinfo/vlsc_kennedy