## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN M. KENNEDY and ALICIA, | : | No. 3:16-cv-02010 (WWE) |
| CARSON, on behalf of themselves and | : | |
| all similarly situated, | : | |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| MARK T. ESPER, Secretary of the Army | : | |
| *Defendant*. | : | April 22, 2019 |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant hereby answers the plaintiffs' complaint and asserts the following affirmative defenses.

No responsive pleading is required to the plaintiffs' initial narrative.

### Jurisdiction and Venue

1.     This paragraph consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, denied.

2.     Defendant admits that Mark Esper is the United States Secretary of the Army.  The duties and responsibilities of the Secretary of the Army are specified at 10 U.S.C. § 3013. Defendants also admit no real property is involved. The remainder of the paragraph consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, denied

3.     Defendant admits Plaintiff Kennedy is a veteran of the U.S. Army. The remainder of the paragraph consists of a legal conclusion, to which no response is required.

4.      Defendant admits Plaintiff Carson is a veteran of the U.S. Army National Guard. The allegation as to her current and former residence consists of a legal conclusion, to which no response is required.

5.      Defendant admits that Mark Esper is the United States Secretary of the Army.  The duties and responsibilities of the Secretary of the Army are specified at 10 U.S.C. § 3013. The remainder of the paragraph consists of a legal conclusion, to which no response is required.

**Regulatory Background**

6.      This paragraph consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, Defendant denies that the cited Department of the Navy personnel regulations apply to the Department of the Army.

7.      This paragraph consists of legal conclusions, to which no response is required.

8.      This paragraph consists of legal conclusions, to which no response is required.

9.      Defendant leaves the plaintiffs to their proof.

10.     This paragraph consists of legal conclusions, to which no response is required.

11.     Defendant admits Secretary of Defense Chuck Hagel issued supplemental guidance to Military Boards for Correction of Military/Naval Records on September 3, 2014. The remainder of this paragraph consists of legal conclusions and Plaintiffs' characterization of the memorandum, to which no response is required.  To the extent a response may be required, denied.  Defendant respectfully refers the Court to the memorandum issued by Secretary of Defense Chuck Hagel.

12.     This paragraph consists of legal conclusions and Plaintiffs' characterization of the memorandum issued by Secretary of Defense Chuck Hagel, to which no response is required.  To the extent a response may be required, denied.

13.    Defendant leaves the plaintiffs to their proof.

14.    This paragraph consists of legal conclusions, to which no response is required.

15.    This paragraph consists of legal conclusions, to which no response is required.

16.    Denied. 10 U.S.C. § 1552 authorizes the creation of Boards for the Correction of Military Records.

17.    This paragraph consists of legal conclusions, to which no response is required.

18.    This paragraph consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, denied.

## Facts and Proceedings

**Allegations as to Class Representative Stephen Kennedy**

19.    Defendant admits Plaintiff Kennedy was born in 1986. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph.

20.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.    Defendants admit the first sentence of this paragraph. The second sentence contains characterizations by Plaintiffs regarding Iraq and Afghanistan, to which no response is required.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

22.    Admit.

23.    Admit.

24.     Defendant admits Plaintiff Kennedy served in Iraq from June 2007 until July 2008. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of this paragraph.

25.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27.     Defendant specifically admits Plaintiff Kennedy received an Army Achievement Medal. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     Admit.

30.     Admit.

31.     Defendant admits Plaintiff Kennedy received the medals and ribbon specified. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding his unit.

32.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.     Admit that Plaintiff Kennedy went AWOL; Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.     Defendant admits Plaintiff Kennedy received a Command Directed Mental Health Evaluation dated 4 June 2009 and the evaluator recommended administrative separation. The remainder of the paragraph purports to characterize Plaintiff Kennedy's Report of Behavioral Health Evaluation, to which no response is required.  To the extent a response is deemed required, denied.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47.     Defendant admits Plaintiff Kennedy was discharged effective 27 July 2009. The narrative reason for his separation was "Misconduct, (Serious Offense)."   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The second sentence consists of legal conclusions and Plaintiffs characterization of events surrounding his discharge, to which no response is required.  To the extent a response may be required, denied.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49.     Defendant admits Plaintiff Kennedy was Absent Without Leave (AWOL) and discharged with an Under Honorable Conditions (General) characterization of service. The remainder of the paragraph consists of Plaintiffs' characterization and legal conclusions, to which no response is required. To the extent a response may be required, denied.

50.     Defendant admits Plaintiff Kennedy was separated for "Misconduct, (Serious Offense)." The remainder of the paragraph consists of legal conclusions, to which no response is required. To the extent a response may be required, denied.

51.     Defendant leaves Plaintiff Kennedy to his proof.

52.     The first sentence consists of a legal conclusion, to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the paragraph.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

56.     Because the Department of Veterans Affairs is a different Government agency, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57.     Because the Department of Veterans Affairs is a different Government agency, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

60.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65.     Defendant admits the Army Discharge Review Board received Plaintiff Kennedy's application for review on 19 February 2010 and conducted a records review hearing on 19 November 2010. The board voted for no change to Plaintiff Kennedy's discharge.

66.     Defendant admits the Army Discharge Review Board received Plaintiff Kennedy's application for a personal appearance hearing on 20 March 2015.

67.     This paragraph purports to characterize the Army Discharge Review Board case report. Defendant respectfully refers the Court to the Army Discharge Review Board case report and directive.

68.     This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent that a response may be required, denied.

69.     This paragraph consists of legal arguments and conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent that a response may be required, denied.

70.     This paragraph consists of legal argument and conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent that a response may be required, denied.

71.   This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent that a response may be required, denied.

72.   This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent that a response may be required, denied.

73.   This paragraph consists of legal conclusions and Plaintiffs' characterization of pleadings in this case, to which no response is required.  With regard to any assertions in the Defendant's motion to dismiss, Defendant respectfully refers to the court to ECF No. 10-1.

**Allegations as to Class Representative Alicia Carson**

74.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

75.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77.   Defendant admits the first sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

78.   Admit.

79.     Defendant admits Plaintiff Carson was trained as a Motor Transport Operator. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

80.     Defendant admits the first sentence of this paragraph.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph.

81.     Defendant admits Plaintiff Carson served in Afghanistan from February 2010 until November 2010.

82.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

83.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

84.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

85.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

86.     Denied. Plaintiff Carson was assigned to Foxtrot Company, 186th Brigade Support Battalion, which is not a Special Forces unit.

87.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

88.     Defendant admits Plaintiff Carson served in Afghanistan from February 2010 until November 2010.

89.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

91.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94.    Because the Department of Veterans Affairs is a different Government agency, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

96.    Defendant leaves Plaintiff Carson to her proof.

97.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

98.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

100. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

101. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

102. Denied.

103. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

104. Defendant leaves Plaintiff Carson to her proof.

105. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

106. Defendant admits Plaintiff Carson was notified about unexcused absences from scheduled Multiple Unit Training Assembly. The remainder of this paragraph consists of characterizations and legal conclusions, to which no response is required.

107. This paragraph consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, denied.

108. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

111. Denied.

112. Denied.

113.    Defendant admits Plaintiff Carson was discharged from the Army National Guard and reassigned to USAR Control Group effective 29 May 2012.   Defendant admits the termination reason was noted as unsatisfactory participation.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding an enlistment bonus.  The remainder of the paragraph consists of Plaintiffs' characterizations, to which no response is required.  To the extent a response may be deemed required, denied.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

115.    Defendant admits the Army Discharge Review Board receive Plaintiff Carson's application for review on 17 April 2015 and conducted a records review hearing on 25 September 2015. The remainder of the paragraph consists Plaintiffs' characterization of their cause of action, to which no response is required.

116.    Defendant admits the Army Discharge Review Board voted and denied Plaintiff Carson's request finding the separation was both proper and equitable. The remainder of this paragraph consists of Plaintiffs' legal conclusions and characterization of their cause of action, to which no response is required.

117.    This paragraph purports to characterize the Army Discharge Review Board case report, to which no response is required.

118.    Defendant admits the Army Discharge Review Board case report and directive contains the cited language within the Discussion of Issue(s).

119.    This paragraph purports to characterize the Army Discharge Review Board case report, to which no response is required.

120.   This paragraph consists of Plaintiffs' legal conclusions and characterizations of their cause of action, to which no response is necessary.  To the extent a response is required, denied.

**Allegations as to the Class Generally**

121.   Defendant admits Army personnel have deployed to Iraq and Afghanistan since 2001. Because this paragraph is vague and unspecified, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations with regard to all U.S. military personnel.

122.   Defendant admits not all personnel discharged from the Army receive an Honorable characterization of service. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

123.   This paragraph consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, denied.

124.   This paragraph consists of legal conclusions, to which no response is required, and vague and unspecified allegations, to which Defendant lacks knowledge or information sufficient to admit or deny them. To the extent a response may be deemed required, denied.

125.   Defendant admits not all personnel discharged from the Army receive an Honorable characterization of service. The remainder of the paragraph is denied.

126.   The allegations in this paragraph are vague and unspecified. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

127.   Defendant leaves Plaintiffs to their proof.

128.   Defendant leaves Plaintiffs to their proof.

129. The allegations in this paragraph are vague and unspecified. Furthermore, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

130. Defendant leaves Plaintiffs to their proof.

131. Defendant leaves Plaintiffs to their proof.

132. Because the Department of Veterans Affairs is a different Government agency, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

133. The allegations pertaining investigations referenced in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them.

134. Denied.

135. This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.

136. Defendant admits the ADRB does regularly exercise its power to upgrade discharges, and did so even prior to the post-2014 amendments to the statute.

137. Denied.

138. This paragraph consists of legal conclusions and Plaintiffs' characterization of *Monk, et al. v. Mabus, et al.*, to which no response is required.  Defendant respectfully refers the court to the decision dismissing the cause of action in *Monk, et al.  v. Mabus, et al*.

139. With regard to the allegation that Secretary of Defense Hagel's memorandum was in response to the *Monk, et al. v. Mabus, et al.* litigation, denied.  The remainder of the paragraph consists of legal conclusions and Plaintiffs characterization of Secretary of

Defense Hagel's memorandum, to which no response is required.  Defendant respectfully refers the court to Secretary of Defense Hagel's memorandum.

140. Defendant admits Congress amended 10 U.S.C. § 1553 in December of 2016. Defendant denies Plaintiffs' characterization with regard to whether the amendment was "to codify the Hagel Memo."

141. Denied.

142. The allegations in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them.

143. The allegations pertaining to the specific ADRB decisions in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them. The remainder of the paragraph consists Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

144. The allegations pertaining to the specific ADRB decisions in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them. The remainder of the allegations in this paragraph consist of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

145. The allegations pertaining to the specific ADRB decisions in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them. The remainder of the allegations in this paragraph consist of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent a response may be deemed required, denied.

146. This paragraph consists of legal conclusions and Plaintiffs' characterization of Secretary of Defense Hagel's memorandum, to which no response is required.  Defendant respectfully refers the court to Secretary of Defense Hagel's memorandum. To the extent a response may be deemed required, denied.

147. This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

148. Denied.

149. This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

**The Proposed Class Definition**

154. This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

155. This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

**The Proposed Class Satisfies the Requirement of Rule 23**

156.    The allegations pertaining to the specific ADRB decisions in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them. The remainder of the paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

157.    The allegations in this paragraph are vague and unspecified and therefore Defendant lacks sufficient information to admit or deny them.

158.    Denied.

159.    Defendant leaves the Plaintiffs to their proof.

160.    Denied.

161.    Denied.

162.    This paragraph consists of legal conclusions, to which no response is required. To the extent a response may be deemed required, denied.

163.    Denied.

**Legal Claims of the Class**

**Claim I:  Violations of the Administrative Procedure Act**

164.    The answers to all preceding paragraphs are incorporated herein by reference.

165.    This paragraph consists of legal conclusions, to which no response is required.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

**Claim II:  Violation of the Fifth Amendment to the United States Constitution**

170.    The answers to all preceding paragraphs are incorporated herein by reference.

171.    This paragraph consists of legal conclusions, to which no response is required.

172.    Denied.

173.    This paragraph consists of legal conclusions, to which no response is required.

174.    Defendant denies the allegations related to review of the individual Plaintiffs' applications and denies the allegations related to the review of any other applications submitted to the ADRB.

175.    Defendant denies the allegations contained in the first sentence of this paragraph. The second sentence consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent a response may be deemed required, denied.

176.    Defendant leaves the Plaintiffs to their proof.

177.    Denied.

178.    Denied.

179.    Denied.

**Legal Claims of the Individual Plaintiffs**

**Claim III:  Administrative Procedure Act**

180.    The answers to all preceding paragraphs are incorporated herein by reference.

181.    This paragraph consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required.  To the extent a response may be deemed required, denied.

182.    Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

**Claim IV:  Fifth Amendment to the United States Constitution**

188.   The answers to all preceding paragraphs are incorporated herein by reference.

189.   This paragraph consists of legal conclusions, to which no response is required.

190.   This paragraph consists of legal conclusions, to which no response is required.  To the extent a response may be deemed required, denied.

191.   The first sentence of this paragraph is denied. The second sentence consists of legal conclusions and Plaintiffs' characterization of their cause of action, to which no response is required. To the extent a response may be deemed required, denied.

192.   This paragraph consists of legal conclusions, to which no response is required.

193.   Denied.

194.   Denied.

195.   This paragraph consists of legal conclusions, to which no response is required.

196.   Denied.

197.   Denied.

198.   Denied.

199.   Denied.

200.   Denied.

201.   Denied.

**Claim V:  Little Tucker Act**

202.    The answers to all preceding paragraphs are incorporated herein by reference.

203.    This claim has been mooted by subsequent administrative process; further this paragraph consists of legal conclusions, to which no response is required.

204.    This claim has been mooted by subsequent administrative process; further this paragraph consists of legal conclusions, to which no response is required.

205.    This claim has been mooted by subsequent administrative process; to the extent an answer is required, Defendant denies this paragraph.

206.    This claim has been mooted by subsequent administrative process; to the extent an answer is required, Defendant denies this paragraph.

207.    This claim has been mooted by subsequent administrative process; to the extent an answer is required, Defendant denies this paragraph.

208.    This claim has been mooted by subsequent administrative process; to the extent an answer is required, Defendant denies this paragraph.


Deny that the plaintiffs are entitled to relief, including attorneys' fees.  Deny that the plaintiffs have properly presented a class.

**Affirmative Defenses**

**First Affirmative Defense**

Some or all of Plaintiffs' claims are moot.

**Second Affirmative Defense**

The Court lacks jurisdiction over some or all of Plaintiffs' claims.

**Third Affirmative Defense**

The plaintiffs' complaint fails to state a claim upon which relief may be granted.

The Defendant,

JOHN H. DURHAM
UNITED STATES ATTORNEY


By:   /S/ David C. Nelson
      David C. Nelson (ct25640)
      Assistant U.S. Attorney
      157 Church Street, 24th Floor
      New Haven, Connecticut 06510
      Tel:   (203) 821-3700
      Email: David.C.Nelson@usdoj.gov

Of Counsel:

Joseph G. Nosse
Major, Judge Advocate
Litigation Attorney
U.S. Army Legal Services Agency
9275 Gunston Road, Room 3022
Fort Belvoir, Virginia  22060


**CERTIFICATION**

I hereby certify that on April 22, 2019, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                              /S/ David C. Nelson
                              David C. Nelson (ct25640)
                              Assistant United States Attorney