# The Jerome N. Frank Legal Services Organization

YALE LAW SCHOOL

**VIA ECF**

September 6, 2019

The Honorable Warren W. Eginton
United States District Judge
District of Connecticut
915 Lafayette Boulevard - 2nd Floor Annex
Bridgeport, Connecticut 06604

Re:   *Kennedy v. Esper*, No. 16-cv-2010 (WWE)

Dear Judge Eginton:

Plaintiffs respectfully submit this letter in reply to Defendant's Aug. 30 letter, in which the government asks the Court to deny discovery in this case. ECF No. 99. Defendant misconstrues the adequacy of the administrative record, ECF No. 98, and misstates the nature of Plaintiffs' claims. Plaintiffs respectfully request leave to commence discovery, or, in the alternative, referral of this discovery dispute to a Magistrate Judge.

As an initial matter, this case arises under the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment. *See* ECF Nos. 11, 75. Plaintiffs are entitled to discovery on their constitutional claim and extra-record discovery on their APA claims. *See, e.g., Porter v. Califano,* 592 F.2d 770, 781 (5th Cir.1979) (direct constitutional challenge is reviewed independently of APA claims); *Saget v. Trump*, No. 18-cv-1599, 2019 WL 1568755, at *61 (E.D.N.Y. Apr. 11, 2019) (permitting extra-record discovery against federal agency in APA case on plaintiffs' constitutional claims); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (permitting submission of affidavits not before the agency at the time it made its decision in relation to plaintiffs' constitutional challenges). Defendant states that Plaintiffs "recognize that discovery is restricted by the APA." ECF No. 99 at 1-2, 4. But as Plaintiffs have repeatedly asserted, both their APA and Due Process claims entitle them to discovery beyond the administrative record. ECF No. 76 at 4, ECF No. 76.

Second, Defendant contends that its administrative record ("AR") filed with the Court "speak[s] directly to the Plaintiffs' claims regarding the rules and procedures applicable to the [Army Discharge Review Board] when it considers discharge upgrades." ECF No. 99 at 3. Defendant's position is that the AR they have submitted is "sufficient to resolve the issues upon which the Court certified the class." *Id.* at 1. This is incorrect. This case concerns the Army's failure to consistently implement its policies and procedures. *See* ECF No. 74, Am. Compl., ECF No. 11 ¶¶ 164–79. Specifically, Plaintiffs allege that the Army has failed to comply with internal directives to afford protections to veterans with post-traumatic stress disorder, including a memorandum by Secretary of Defense Chuck Hagel ("Hagel Memo"). *Id.* To properly review the implementation of those policies, the Court must be permitted to review the Army's application of the policies in the class members' discharge upgrade proceedings. Contrary to Defendant's claims, discovery is necessary in this case, where "the reviewing court simply cannot evaluate the challenged action on the basis of the record before it." *Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997).

Critically, the AR does not provide any insight into *how* the Army implemented the policies in question, or whether those policies were even implemented at all. Nor does the AR include any documents relating to how the Hagel Memo was applied by agency decisionmakers. At best, a handful of documents in the AR restate the language of the Hagel Memo, or sketch out Defendant's policies in broad terms, but do nothing to show how, if at all, those policies were operationalized. *See* AR 523, 585. Indeed, "[i]f this case were limited to the administrative record … it would be impossible to conduct the full and thorough analysis" that Plaintiffs' claims demand. *Saget v. Trump*, 375 F. Supp. 3d at 368; *see also Milanes v. Chertoff*, No. 08-cv-2354, 2008 WL 2073420, at *1 (S.D.N.Y. May 13, 2008). The AR that Defendant has supplied simply does not provide the Court with a sufficient basis to review Plaintiffs' APA or Due Process claims.

Third, Defendant suggests in its Aug. 30 letter that the ARs of the two individual class representatives are sufficient to allow the Court to review the claims of the class as a whole. ECF No. 99 at 4 (arguing that the class representatives' records "provide[] both the agency actions and the procedures against which the Court can conduct a review under the APA"). But the ARs pertaining specifically to the two named plaintiffs provide no basis whatsoever to review the application of the ADRB's procedures for any of the other members of the class who, like Mr. Kennedy and Ms. Carson, were also wrongfully denied discharge upgrades. Indeed, it would be impossible to resolve these classwide claims on the basis of the named plaintiffs' individual records alone. *See, e.g.*, *Annunziato v. Collecto, Inc.*, 304 F.R.D. 360 (E.D.N.Y. 2015) (ordering discovery related to each class member's claims); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013) (same); *Burka v. New York City Transit Auth.*, 110 F.R.D. 660, 666 (S.D.N.Y. 1986) (finding that "[e]ven in an individual discrimination action, classwide discovery may be necessary to demonstrate the existence of illegal policies and practices … on a case-by-case basis"); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Lora v. Bd. of Ed. of City of New York*, 74 F.R.D. 565 (E.D.N.Y. 1977).

Finally, Defendant recycles arguments from its motion to dismiss that the Court has already rejected and that are irrelevant to the issue of discovery. Defendant claims that Plaintiffs may not challenge the ADRB's "policies, practices, and procedures" or launch a "programmatic attack" against the ADRB. ECF No. 99 at 5. But as this Court recognized when it certified the class in December 2018, Plaintiffs challenge the Army's failure to "apply the decisional standards already established by the Hagel Memo." Denial of Mot. to Dismiss, ECF No. 74 at 6-7. Whether an agency properly applied its own regulations and procedures falls squarely within the scope of judicial review under the APA.[1]  5 U.S.C. § 706(2); *see, e.g., Salazar v. King*, 822 F.3d 61, 75-76 (2d. Cir. 2016). The Court has already determined that Plaintiffs' claims are appropriate for judicial review. ECF No. 74, 75.

For all these reasons, Plaintiffs respectfully request that the court authorize additional discovery in this action and direct the parties to confer on a proposed discovery schedule, or, in the alternative, referral of this discovery dispute to a Magistrate Judge.

---

[1] Here, as in the Motion to Dismiss, ECF No. 50-1 at 16-17, Defendant incorrectly argues that *Norton v. Southern Utah Wilderness Alliance* forecloses review of ADRB decisions. But as Plaintiffs have previously noted, ECF No. 53, *Southern Utah*'s holding is confined to Section 706(1) of the APA, *Salazar v. King*, 822 F.3d 61, 82 n. 13 (2d Cir. 2016); this suit arises under Section 706(2).

Respectfully,

/s/ Michael J. Wishnie

| | |
|---|---|
| Julia Coppelman, Law Student Intern[*] | Susan J. Kohlmann, *pro hac vice* |
| Andrew DeGuglielmo, Law Student Intern | Jeremy M. Creelan, *pro hac vice* |
| Samuel Davis, Law Student Intern | Jacob L. Tracer, *pro hac vice* |
| Samuel Frizell, Law Student Intern | Ravi Ramanathan, *pro hac vice* |
| Renée A. Burbank, Supervising Attorney, ct30669 | William S.C. Goldstein, *pro hac vice* |
| Michael J. Wishnie, Supervising Attorney, ct27221 | Jenner & Block LLP |
| Veterans Legal Services Clinic | 919 Third Avenue |
| Jerome N. Frank Legal Services Org. | New York, NY 10022-3908 |
| Yale Law School[†] | Tel: (212) 891-1678 |
| P.O. Box 209090 | SKohlmann@jenner.com |
| New Haven, CT 06520-9090 | |
| Tel: (203) 432-4800 | |
| michael.wishnie@ylsclinics.org | |

---

[*] Motion for law student appearance forthcoming.

[†] This letter brief does not purport to state the views of Yale Law School, if any.