## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

**STEPHEN M. KENNEDY, and ALICIA**
**J. CARSON,**

                                                    **16cv2010 (WWE)**

      individually and on behalf
      of all similarly situated
      persons,

          Plaintiffs,

**v.**

**Robert Speer, Acting Secretary of the Army,**

         Defendant.

## <u>DISCOVERY ORDER</u>

Plaintiffs Stephen Kennedy and Alicia Carson, veterans of the conflicts in Iraq and Afghanistan respectively, filed this action pursuant to the Administrative Procedure Act ("APA") and the Fifth Amendment due process clause, individually and on behalf of all similarly situated persons.   Specifically, plaintiffs seek a class-wide injunction ordering the Army Discharge Review Board ("ADRB") reviewing less-than-Honorable discharges to follow the directive of the memorandum issued by the Secretary of Defense Hagel ("Hagel Memo") to give "liberal consideration" to diagnoses of post-traumatic

stress disorder (PTSD) and similar mental health conditions, and records indicating symptoms of those conditions.

In December 2018, this Court granted a motion for class certification.   In accordance with Federal Rule of Civil Procedure 23(c)(1), the Court certified the following class:

All Army, Army Reserve, and Army National Guard veterans of the Iraq and Afghanistan era—the period between October 7, 2001 to present—who:

> (a) were discharged with a less-than Honorable service characterization (this includes General and Other than Honorable discharges from the Army, Army Reserve, and Army National Guard, but not Bad Conduct or Dishonorable discharges);
> (b) have not received discharge upgrades to Honorable; and
> (c) have diagnoses of PTSD or PTSD-related conditions or record documenting one or more symptoms of PTSD or PTSD-related conditions at the time of discharge attributable to their military service under the Hagel Memo standards of liberal and special consideration.

On August 28, 2019, defendant filed an administrative record reflecting the administrative reviews for both plaintiff Kennedy and Carson.   Plaintiffs represent that the extant administrative record of the two plaintiffs is insufficient to allow the Court meaningful review of

their APA claims challenging systemic failures to implement the law and official directives or guidance.   Where a plaintiff challenges an agency's general course of conduct rather than a discrete adjudication, limited discovery outside of the administrative record may be necessary where the administrative record does not contain evidence of the challenged action.   See Milanes v. Chertoff, 2008 WL 2073420, at *1 (S.D.N.Y. May 13, 2008) (agency delay may be a "course of conduct" needing to be explored by plaintiff).   The Court should permit only discovery necessary to effectuate the Court's judicial review.   Ali v. Pompeo, 2018 WL 20158152, at *4 (E.D.N.Y. May 2, 2018).   Here, plaintiffs maintain that course of conduct evidence is not generally part of an individual's administrative record.

In light of the nature of plaintiffs' challenge in this action, the Court will allow plaintiffs to conduct discovery outside of the administrative record.   The parties are instructed to confer and file a proposed discovery plan that addresses the scope of the discovery sought and that proposes an agreed upon schedule within 21 days of

this order's filing date.     The Court will refer this case to Magistrate

Judge Spector to supervise the discovery in this action.


                                      <u>/s/Warren W. Eginton</u>
                                        Warren W. Eginton,
                                        Senior U.S. District Judge

        Dated   this   6th   day   of   September   2019   at   Bridgeport,

Connecticut.