UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN M. KENNEDY and ALICIA, CARSON, on behalf of themselves and all similarly situated, | : : : | No. 3:16-cv-02010 (WWE) (RMS) |
|                *Plaintiffs*, | : : | |
| v. | : : | |
| RYAN D. McCARTHY, Acting Secretary of the Army, | : : | |
|                *Defendant*. | : | September 27, 2019 |

### RESPONSE REGARDING THE COURT'S ORDER AT DOCKET #101

This is an Administrative Procedure Act case. The underlying issue is whether the agency, the Army, acted arbitrarily or capriciously when it adjudicated the two lead plaintiffs' discharge upgrade applications. Prior to the filing of this case, the two lead plaintiffs had sought discharge upgrades and were denied.

After this case was filed, the Court remanded the lead plaintiffs' applications for further consideration by the Army. Upon remand, the Army upgraded lead plaintiff Kennedy's discharge to "Honorable." Similarly, for lead plaintiff Carson, the Connecticut National Guard upgraded her discharge to "Honorable" and forgave any outstanding debt. Following the remand, the defendant moved to dismiss the case and the Court denied the motion.

The parties then began to litigate the issue of discovery, specifically whether there would be any discovery and, if so, the scope of the discovery. As a general matter, a "court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (citing *Florida Power*, 470 U.S. at 743-44; *Camp v. Pitts*, 411 U.S. 138, 142 (1973)). The general rule, therefore, is that discovery is not available in Administrative Procedure Act cases. There are, however,

limited exceptions to this general rule; one of which is when the administrative record does not fully permit the Court to evaluate the challenged action. The parties briefed the discovery issue to the Court.

The Court issued an order regarding discovery on September 9, 2019. In that order, the Court held:

> Where a plaintiff challenges an agency's general course of conduct rather than a discrete adjudication, *limited discovery* outside of the administrative record may be necessary where the administrative record does not contain evidence of the challenged action. *See Milanes v. Chertoff*, 2008 WL 2073420, at *1 (S.D.N.Y. May 13, 2008) (agency delay may be a "course of conduct" needing to be explored by plaintiff). The Court should permit *only discovery necessary to effectuate the Court's judicial review*. *Ali v. Pompeo*, 2018 WL 20158152, at *4 (E.D.N.Y. May 2, 2018). Here, plaintiffs maintain that course of conduct evidence is not generally part of an individual's administrative record.
>
> In light of the nature of plaintiffs' challenge in this action, the Court will allow plaintiffs to conduct discovery outside of the administrative record. The parties are instructed to confer and file a proposed discovery plan *that addresses the scope of the discovery sought* and that proposes an agreed upon schedule[.]

Docket #101, pg. 3 (emphasis added).

In response to this order, the parties conferred but were unable to reach an agreement regarding the scope of discovery. The plaintiffs' propose full blown, unlimited discovery with a Rule 26(f) order. As set forth more fully below, the defendant believes that the Court's order did not authorize such limitless discovery and that the plaintiffs have failed to follow the Court's order.

As the Court is aware, the Local Rules of the District of Connecticut specifically exempt Administrative Procedure Act cases from Rule 26.[1] Local Rule 26(f)(3) states that the rule

---

[1] The fact that the plaintiffs make constitutional claims in this matter does not change this analysis. *Charlton Mem. Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993) (plaintiff's equal protection claim "cannot so transform the case that it ceases to be primarily a case involving judicial review of agency action"); *cf. Harkness v. United States*, 727 F.3d 465, 473 (6th Cir. 2013) ("[T]he review scheme does not carve out an exception for constitutional claims."). Judicial review under the APA, after all, expressly includes claims that agency action is "contrary to constitutional right." 5 U.S.C. § 706(2)(B). Courts have confined constitutional claims to APA review. *See, e.g., Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 44 (D.D.C. 2018); *Chiayu Chang v. U.S. Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 161 (D.D.C. 2017); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F.Supp. 3d

requiring the parties to engage in a planning conference and file a report "shall not apply to the following categories of cases: . . . review of decisions by administrative agencies . . . ." Similarly, Federal Rule of Civil Procedure 26(a)(1)(B)(i) exempts Administrative Procedure Act cases from initial disclosures, and Rule 26(f)(1) states that the requirement to confer for the purpose of formulating a 26(f) Report does not apply to a matter exempted from initial disclosures under 26(a)(1)(B).  *See also* Local Rule 16.

Nothing in the Court's order from September 9, 2019, states, or even suggests, that the Court intended the parties to disregard the exemption found in Federal Civil Rule 26 and Local Rule 26.  Absent some indication that the Court intended to abrogate the Federal and Local Rules, the logical reading of the Court's order is that the Court did not intend for the parties to file a Rule 26(f) report that incorporated initial disclosures deadline as well as the other requirements of Rule 26.  In fact, the language of the order – specifically the requirement to file a proposed discovery plan that addresses the scope of discovery – demonstrates that the Court did not intend for the parties to file a Rule 26(f) report.  If the Court had intended that, it would have so stated.  Thus, the plaintiffs' proposal that the parties file a Rule 26(f) report ignores the Court's September 9, 2019, order.

The plaintiffs' proposed discovery within their draft Rule 26(f) report also ignores the Court's order.  The draft Rule 26(f) report that the plaintiffs' sent to undersigned counsel states

---

1991, 1237-38 (D.N.M. 2014); *Tafas v. Dudas*, 530 F. Supp. 2d 786, 803 (E.D. Va. 2008); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004).  Moreover, the plaintiffs have not sued the proper defendant if they are alleging free standing, i.e., non-APA, claims, because *Bivens* claims (*see Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)) must be made against individual defendants, not the head of an agency.  *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) ("Because the doctrine of *respondeat superior* does not apply in *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."); *Viola v. Bryant*, No. 3:17-cv-00853 (CSH), 2017 WL 2676407, at *2 (D. Conn. June 21, 2017) (settling for elements of *Bivens* claims); *Dunn v. U.S. Fed. Bureau of Prisons*, No. 3:03-cv-1928 (JBA), 2006 WL 695805, at *4 (D. Conn. Mar. 20, 2006) ("A *Bivens* action will only lie against a federal government official and thus such actions against the United States or a federal agency are 'routinely' dismissed.").

that "Plaintiffs anticipate that discovery will be needed on all matters related to the causes of action and defenses raised both in their and the Secretary's pleadings, including but not limited to:" ten additional broad categories. This proposal cherry-picks one line of the Court's order on discovery and ignores the law the Court cited in its order and the Court's instructions therein.

The Court specifically relied upon *Milanes* and *Ali* in its order. As explained by this Court, those two cases do not permit full blown, unrestricted discovery. Instead, as this Court explained, those cases stand for the proposition that limited discovery may be necessary and that such discovery may be had only to the extent necessary to effectuate judicial review. Following this explanation of the relevant case law, the Court stated that it would permit discovery outside of the administrative record.

The plaintiffs proposed discovery disregards the Court's order. The Court did not distinguish or disagree with the limitations set forth *Milanes* and *Ali*. Instead, the Court relied on those cases in reaching its holding. The logical reading of the Court's order is that the discovery it permitted should be in line with the cases it relied upon in reaching its holding; therefore, the Court did not permit discovery on any and all matters in the case. Instead, the Court permitted limited discovery to supplement the record as necessary to effectuate judicial review and required the parties to file a plan regarding the scope of this discovery. The plaintiffs' proposed discovery plan, as set forth in the draft Rule 26(f) report provided to undersigned counsel, does not follow the Court's order.

Based on the Court's order, the defendant believed that the plaintiffs would identify portions of the administrative record that were deficient.[2] Following this, the plaintiffs would

---

[2] The plaintiffs state in their draft 26(f) report that the defendant "declined to make any counter-proposal regarding specific elements of the discovery plan[.]" The defendant asked the plaintiffs why they believed that the Court's order provided for the unlimited approach taken by the plaintiffs and asked the plaintiffs if there was specific

propose specific discovery that would remedy the specific deficiencies. From there, the parties would confer on the most logical and proportional method of conducting this discovery. To the extent the parties agreed on the scope and methods, such an agreement could be reported to the Court; to the extent they disagreed, the issue would be narrowly framed for the Court. Finally, the parties could agree, or at least discuss, a timetable to conduct the limited discovery. The defendant respectfully submits that this is what the Court intended in its order, based on the cases cited therein, the briefing leading up to the order, and the Rules of Civil Procedure, both Federal and Local.

Based on the Court's order, the Federal Rules, and the Local Rules, the defendant does not believe that unrestricted discovery is warranted or permitted nor does the defendant believe that a Rule 26(f) report is appropriate in this case.

The Defendant,

JOHN H. DURHAM
UNITED STATES ATTORNEY

By:  /S/ David C. Nelson
    Michelle L. McConaghy (ct27157)
    David C. Nelson (ct25640)
    Assistant U.S. Attorneys
    157 Church Street, 24th Floor
    New Haven, Connecticut 06510
    Tel:  (203) 821-3700
    Email: David.C.Nelson@usdoj.gov

---

discovery that the plaintiffs wanted to discuss. The plaintiffs declined to answer the defendant's question, insisted that they were going to file a Rule 26(f) report, and did not identify any specific discovery.

## **CERTIFICATION**

    I hereby certify that on September 27, 2019, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          /S/ David C. Nelson
                                          David C. Nelson (ct25640)
                                          Assistant United States Attorney