UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN M. KENNEDY and ALICIA J. CARSON, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN D. McCARTHY, Acting Secretary of the Army,<br><br>*Defendant*. | No. 3:16-cv-2010-WWE<br><br><br><br>October 3, 2019 |

**Plaintiffs' Reply to Government's Response Regarding the Court's Order of Discovery**

This nationwide class action arises under the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment. Plaintiffs challenge the failure of the Army Discharge Review Board ("ADRB") to implement binding procedures when considering discharge upgrade applications of Iraq and Afghanistan veterans suffering from post-traumatic stress disorder, traumatic brain injury, and related mental health conditions. Plaintiffs allege that the ADRB's failures are systemic and systematic and persist despite internal directives requiring the ADRB to provide proper consideration to disabled veterans. In December 2018, Judge Eginton certified Plaintiffs' proposed class of Army veterans, ECF No. 74, and in January 2019, denied the Defendants' motion to dismiss Plaintiffs' APA and Due Process claims. ECF No. 75. Plaintiffs respectfully request that this Court enter a discovery order consistent with the proposed discovery plan submitted by Plaintiffs, ECF No. 104, subject to any modifications deemed appropriate by this Court.

On September 6, after briefing, the Court ordered the parties to commence discovery. ECF No. 101 (the "Order"). In its Order, the Court noted that where, as here, plaintiffs challenge an agency's "general course of conduct rather than a discrete adjudication," discovery outside the agency's administrative record may be necessary to effectuate meaningful judicial review. *Id.* at 3. The Court recognized that Plaintiffs are "challenging systemic failures to implement the law and official directives or guidance," *id.*, and accordingly concluded that "[i]n light of the nature of plaintiffs' challenge in this action, the Court will allow plaintiffs to conduct discovery outside of the administrative record." *Id*. The Court then ordered the parties to "confer and file a proposed discovery plan that addresses the scope of the discovery sought and that proposes an agreed upon schedule . . . ." *Id.*

Defendant's response seeks to relitigate Judge Eginton's ruling rather than to engage in the discovery-planning process. ECF No. 105. In accordance with the Order, Plaintiffs shared a proposed discovery plan with Defendant and attempted to confer regarding a joint proposal, as directed by the Court. ECF No. 101. Defendant did not consent to Plaintiffs' specific proposal, nor offer any counter-proposal. Instead, Defendant filed a response that mischaracterizes Plaintiffs' class claims (1) as arising solely under the APA and (2) as turning entirely on the adjudications of the named Plaintiffs' applications to upgrade their discharge statuses.[1] Defendant also argues that the Local Rules do not permit a Fed. R. Civ. Proc. 26(f) conference in this matter, and states that it "believed that the plaintiffs would identify portions of the administrative record that were deficient." ECF No. 105.

While Plaintiffs view the filing of a standard Rule 26(f) report as appropriate given the terms of the Order, ultimately Defendant's fixation on the applicability of Rule 26(f), *see* ECF No.

---

[1] The "underlying issue" in this case is the ADRB's general course of conduct, not the discharge upgrade applications of the two named Plaintiffs. *Compare* ECF No. 105 at 1 with Order at 3.

105 at 2-3, is a red herring. Regardless of whether the Rule itself applies, Defendant had an obligation pursuant to the Order to confer with Plaintiffs on the scope of discovery and work with Plaintiffs to file a proposed discovery plan. While Defendant could have requested that Plaintiffs' filing be refashioned as a joint report or could have presented a counterproposal for negotiation, it has done neither. Instead, Defendant has chosen to relitigate issues on the scope of discovery that the Order addresses.

As Plaintiffs have repeatedly noted, ECF Nos. 97, 100, 104, this case arises under both the Due Process clause *and* the APA, and as such, Plaintiffs are entitled to extra-record discovery on both grounds. *See, e.g., Porter v. Califano,* 592 F.2d 770, 781 (5th Cir. 1979) (direct constitutional challenge is reviewed independently of APA claims); *Saget v. Trump*, No. 18-cv-1599, 2019 WL 1568755, at *61 (E.D.N.Y. Apr. 11, 2019) (permitting extra-record discovery against federal agency in APA case in part on plaintiffs' constitutional claims); *Rydeen v. Quigg*, 748 F. Supp. 900, 906 (D.D.C. 1990), *aff'd*, 937 F.2d 623 (Fed. Cir. 1991) (permitting submission of affidavits not before the agency at the time it made its decision in relation to plaintiffs' constitutional challenges). In their letter to the Court requesting extra-record discovery, Plaintiffs listed at length the deficiencies in the administrative record. ECF No. 97. The Court recognized in the Order that "course of conduct evidence is not generally part of an individual's administrative record" and thus that administrative record is insufficient to assess Plaintiffs' claims. ECF No. 101 at 3. In order to meaningfully review Plaintiffs' APA and Due Process claims, it is critical that the Court have an opportunity to assess the government's *implementation* of the ADRB's directives, not just the agency's own publicly available guidance documents and the two named plaintiffs' administrative records. *See* Administrative Record, ECF No. 82; *see also Damus v. Nielsen*, 328 F.R.D. 1, 2 (D.D.C. 2018) (granting extra-record discovery where plaintiffs alleged that defendant-

3

agency failed to follow internal directives regarding detention of asylum-seekers). Without additional information about the ADRB's practices, the Court will have no basis upon which to judge whether Defendant *actually* applied its own procedures to Army veterans suffering from PTSD and related conditions, or whether Defendant's procedures are merely a dead letter.

Plaintiffs' proposed discovery plan, ECF No. 104, is tailored to effectuate meaningful review of the claims. Plaintiffs seek ADRB decisions and records related to class members' discharge upgrade applications, as well as training practices and standards, to allow the Court to review whether the ADRB applied "liberal consideration" to the applications of veterans suffering from PTSD and related conditions, as required by law. *Id* at 9-10. In addition, Plaintiffs seek depositions of ADRB personnel, as well as interrogatories, to allow the Court to determine whether the Army's training of ADRB personnel implemented its legal obligations. *Id.* This evidence is necessary for the Court to assess whether the ADRB applied its policies *in practice*, not merely on paper, and requires — at minimum — a thorough analysis of the ADRB's functioning and real-world treatment of Army veterans in the class.

As Plaintiffs' prior filings have shown, the scope of discovery that Plaintiffs seek is well within the bounds of extra-record discovery that courts have granted in recent, similar cases involving APA claims against federal agencies. *See* ECF No. 97 (citing *Damus*, 328 F.R.D. at 2, *Saget*, No. 18-cv-1599, 2019 WL 1568755, at *61, and other examples of court authorization of extra-record discovery in APA cases). In *Damus*, the parties were ordered to file a joint report pursuant to Rule 26(f). Minute Order, *Damus*, No. 18-cv-578 (D.D.C. Mar. 18, 2019). Similarly, in *Tummino v. Von Eschenbach*, a challenge to the FDA's consideration of over-the-counter access for an emergency contraceptive drug, Judge Pohorelsky ordered the FDA to submit to depositions, interrogatories, and document production. 427 F. Supp. 2d 212, 234-36 (E.D.N.Y. 2006); *see also*

Tr. of Scheduling Conference at 15, *Centro Presente v. Trump*, No. 18-10340 (D. Mass. Oct. 10, 2018), ECF No. 57 (ordering discovery on APA claims). Plaintiffs' proposed scope of discovery in this case is substantially similar to that granted in these and related cases. The Court's citations in the Order to *Milanes v. Chertoff*, 2008 WL 2073420, at *1 (S.D.N.Y. May 13, 2008) and *Ali v. Pompeo*, 2018 WL 2058152, at *4 (E.D.N.Y. May 2, 2018), ECF No. 101 at 3, are not to the contrary, and Defendant's attempt to cabin the scope of discovery contemplated by the Order based on those cases is unavailing. Like the plaintiffs in *Milanes*, 2008 WL 2073420, at *1, Plaintiffs here have shown "a particular reason" that the administrative record is insufficient: it does not by its nature contain the kind of evidence of "systemic failures" that the Court has recognized is at the heart of Plaintiffs' claims. *See also Ali*, 2018 WL 2058152, at *4 (citing *Milanes* for this point). Consistent with those cases, Plaintiffs seek the discovery necessary to allow the Court to adjudicate their claims.

If Defendant disagreed with Plaintiffs' proposed discovery plan, Defendant could have proposed a discovery plan it believes is reasonable. Instead, Defendant has chosen to ignore Judge Eginton's Order in an attempt to relitigate whether discovery is needed to address Plaintiffs' claims. Accordingly, Plaintiffs request that this Court enter an order consistent with the discovery plan proposed in Plaintiffs' Rule 26(f) Report of Parties' Planning Meeting, ECF No. 104, subject to modifications the Court deems appropriate.

/s/ Michael J. Wishnie

| | |
|---|---|
| Julia Coppelman, Law Student Intern[*] | Susan J. Kohlmann, *pro hac vice* |
| Andrew DeGuglielmo, Law Student Intern | Jeremy M. Creelan, *pro hac vice* |
| Samuel Davis, Law Student Intern | Jacob L. Tracer, *pro hac vice* |
| Samuel Frizell, Law Student Intern | Ravi Ramanathan, *pro hac vice* |
| Renée A. Burbank, Supervising Attorney, ct30669 | William S.C. Goldstein, *pro hac vice* |
| Michael J. Wishnie, Supervising Attorney, ct27221 | Jenner & Block LLP |
| Veterans Legal Services Clinic | 919 Third Avenue |
| Jerome N. Frank Legal Services Org. | New York, NY 10022-3908 |
| Yale Law School[†] | Tel: (212) 891-1678 |
| P.O. Box 209090 | SKohlmann@jenner.com |
| New Haven, CT 06520-9090 | |
| Tel: (203) 432-4800 | |
| michael.wishnie@ylsclinics.org | |

---

[*] Motion for law student appearance forthcoming.
[†] This letter brief does not purport to state the views of Yale Law School, if any.