UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEPHEN M. KENNEDY and ALICIA, CARSON, on behalf of themselves and all similarly situated,<br>   *Plaintiffs*,<br><br>v.<br><br>RYAN D. McCARTHY, Acting Secretary of the Army,<br>   *Defendant*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 3:16-cv-02010 (VLB) (RMS)<br><br><br><br><br><br><br><br><br>October 28, 2019 |

**PARTIES' JOINT RESPONSE REGARDING DOCKET ENTRIES 104 AND 105**

  The parties hereby respond, consistent with the Court's discussion with the parties during the status conference on October 17, 2019, with a proposed discovery order. *See* ECF Nos. 115, 116. The proposed discovery order contains a list of things that the parties currently agree upon and a list of things that the parties are in the process of discussing. Notably, the parties are not, at this point, requesting Court intervention on the issues that remain open; first, they hope to reach an agreement and, second, should this case settle, the remaining issues may become moot.

**Issues upon which the parties agree:**

| Topic | Dates & Deadlines | Additional Notes |
|---|---|---|
| **ADRB Decisional Documents from 2001-2019** | Rolling Production, with decisions issued from 2012 to present due by December 6, 2019 and older decisions to be produced by January 15, 2020. | The Army is currently checking on the status of older decisions. There are open questions as to what retention policy governs those decisions as well as the format (electronic vs. paper). Additionally, the parties are working to determine the most appropriate format for production. The plaintiffs prefer electronic, searchable documents. |
| **Training documents for the ADRB relating to the class from 2001-2014 and, to the extent not already captured** | December 6, 2019 | |

1

| | | |
|---|---|---|
| in the administrative records, from 2014 until the time of the representative plaintiffs' decisions. | | |
| **Operational documents for the ADRB (e.g., the setup of the organization and how it functions on a daily basis) from 2001-2019** | December 6, 2019 | |
| **General statistics on the number of individuals that were discharged by the military from 2001-2019 with a with a less-than Honorable service characterization (which, for the purposes of this case, include General and Other than Honorable discharges but not Bad Conduct or Dishonorable)** | December 6, 2019 | The Army is currently in the process of determining if this number is capable of being ascertained.  Should this process be significantly more complicated than originally anticipated by the attorneys for the parties, the parties will revisit this issue. |
| **A Rule 30(b)(6) deposition on the following topics: training at the ADRB and operations at the ADRB.** | Mid-December 2019 or early January, 2020 (before a settlement conference in mid-January, 2020) | The Army has identified an individual that may be able to speak to both topics.  In the event that this individual can only speak to one topic, the Army with offer a different individual to cover the other topic. |
| **General statistics on the number of individuals discharged from the military from 2001-2019 (with the above discharge characterization) that later developed PTSD** | Unknown at this time; if feasible, December 4, 2019. | The plaintiffs have requested this information.  The defendant is not adverse to providing it depending on (1) whether the Army is capable of generating this information; (2) whether this information is capable of being generated even with other agency help; and (3) the potential overall burden. |

The parties also anticipate entering into a joint protective order.  The parties do not anticipate entering into a joint ESI order yet; at this point, the defendant needs additional time to work through the potential issues with legacy systems given the amount of time covered by the plaintiffs' discovery requests.

**Issues upon which the parties do not yet agree (but are *not* seeking Court intervention at this point in time):**

| Topic | Additional Notes |
|---|---|
| **Formal Interrogatories** | The plaintiffs seek formal interrogatories; the defendant objects.<br><br>At this point, the parties have agreed that the defendant and the plaintiffs will attempt to informally resolve specific questions, e.g., the number of individuals discharged from the Army (see above).  Plaintiffs are willing to defer this issue until after a January 2020 settlement conference, pending the scheduling of a 30(b)(6) deposition in advance of that conference. |
| **A sample of application documents underlying ADRB decisions.** | The plaintiffs seek an as yet unknown number of application documents underlying ADRB decisions.  The number is unknown at this point because without further information from the Army regarding the number of discharge upgrade applications from class members that the ADRB adjudicated, plaintiffs cannot determine what number is sufficient for statistical purposes. Plaintiffs anticipate determining the necessary number of applications following the Army's provision of information discussed above or after reviewing publicly available sources, and seeking production of a sample of applications at least one month in advance of a January 2020 settlement conference.<br><br>The defendant, without additional information on the size and application of the sample, objects.  The defendant also has underlying concerns about the amount of PII in such documents and how it could be handled.   The defendant also would object to producing these prior to the settlement conference. |
| **Searches of email accounts of ADRB staff** | The plaintiffs seek keyword searches of email accounts of ADRB staff members.  The defendant believes such searches to exceed the limited scope of the discovery.<br><br>Defendant believes this issue would be better addressed once the agreed upon discovery has occurred (or has significantly advanced). |

|  | Plaintiffs are willing to defer this issue until after a January 2020 settlement conference, pending the scheduling of a 30(b)(6) deposition in advance of that conference. |
|---|---|
| **Total number of depositions** | In addition to the 30(b)(6) depositions on training and operations, plaintiffs seek depositions of individuals currently and/or formerly associated with the ADRB and ARBA. Plaintiffs are willing to defer this issue until after a January 2020 settlement conference, pending the scheduling of a 30(b)(6) deposition in advance of that conference.<br><br>Defendant's position is that this request does not seem to be within the limited scope of discovery as permitted by the Court nor would these depositions be proportional to the needs of the case or probative of any issues in the case. Moreover, the allegations in the case concern only review by the ADRB and not any other board, thus depositions that go beyond the scope of the ADRB are beyond the scope of this case. |

The parties greatly appreciate the Court's help in reaching this point and request that the Court enter a discovery order on the issues the parties agree upon and give the parties additional time to develop and potentially resolve the issues upon which they have yet to reach agreement.

Respectfully Submitted,

By:   /S/ Michael J. Wishnie          By:   /S/ David C. Nelson

Julia Coppelman, Law Student Intern
Andrew DeGuglielmo, Law Student Intern
Samuel Davis, Law Student Intern
Samuel Frizell, Law Student Intern
Renée A. Burbank, Supervising Attorney, ct30669
Michael J. Wishnie, Supervising Attorney, ct27221
Veterans Legal Services Clinic
Jerome N. Frank Legal Services Org.
Yale Law School
Tel: (212) 891-1678
P.O. Box 209090
New Haven, CT 06520-9090
Tel: (203) 432-4800
Email: michael.wishnie@ylsclinics.org

Susan J. Kohlmann, *pro hac vice*

JOHN H. DURHAM
UNITED STATES ATTORNEY

Michelle L. McConaghy (ct27157)
David C. Nelson (ct25640)
Assistant U.S. Attorneys
157 Church Street, 24th Floor
New Haven, Connecticut 06510
Tel:   (203) 821-3700
Email: David.C.Nelson@usdoj.gov

*Counsel for Defendant*

Jeremy M. Creelan, *pro hac vice*
Jacob L. Tracer, *pro hac vice*
Ravi Ramanathan, *pro hac vice*
William S.C. Goldstein, *pro hac vice*
919 Third Avenue
Jenner & Block LLP
New York, NY 10022-3908
SKohlmann@jenner.com

*Counsel for Plaintiffs*

**CERTIFICATION**

      I hereby certify that on October 28, 2019, a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /S/ David C. Nelson
      David C. Nelson (ct25640)
      Assistant United States Attorney