## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN M. KENNEDY and ALICIA J. CARSON, on behalf of themselves and all others similarly situated, | No. 3:16-cv-2010 (CSH) (RMS) |
| *Plaintiffs*, | |
| v. | December 5, 2019 |
| RYAN D. McCARTHY, Acting Secretary of the Army, | |
| *Defendant*. | |

### PROPOSED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 5 U.S.C. § 552a(b)(11), IT IS HEREBY ORDERED that, subject to the terms below, Defendant is authorized to release to Plaintiffs' counsel — without obtaining prior written consent of the individual to whom the information pertains — records, documents, and information that is properly discoverable in this litigation and that otherwise would be prohibited from such release by the Privacy Act 5 U.S.C. § 552a, and that confidential documents disclosed by either party should be subject to the following Stipulated Protective Order.

1.     The scope of this Protective Order covers any Protected Information, as defined in paragraph 2 below, stored in government records and other information currently in the possession of the United States, as well as Protected Information in possession of named Plaintiffs or class members—except that this Order does not pertain to a named Plaintiff or class member in regard to the use of their own Protected Information.

All disclosures of the information described above shall be subject to the following terms.

1

2.      "Protected Information," as used herein, means any information contained in any document produced, filed, or served by a party to this litigation (including, but not limited to, a pleading, motion, brief, notice or discovery request or response, deposition transcript, court transcript, or declaration) that is:

(a) required to be kept confidential pursuant to the Privacy Act, 5 U.S.C. § 552a; and

(b) designated protected by the disclosing party, pursuant to paragraphs 5, 6, or 7 of this Order, based upon the reasonable belief that the public release of such information would be contrary to the public interest or the parties' privacy interests.

Protected Information specifically covers "application documents."  Should the parties produce or receive application documents, which are documents provided by individuals to the defendant for review by the defendant for discharge upgrade review(s), the Court specifically orders that the defendant may produce these documents to the plaintiffs without redaction.  This provision should be read in context with the other sections the order, that is, the restrictions on the use of Protected Information outside of this litigation and the limitations on who may have access to this information, as well as the rest of this order.

3.      An "Authorized Person" under this Order includes only:

(a) personnel of the Court, including court reporters at depositions, hearings, or any other judicial proceeding,

(b) personnel at the Department of Justice, the Department of Defense, and/or the Army who have direct personal involvement with or oversight responsibilities for this litigation;

(c) Plaintiffs' counsel of record, attorneys working with counsel of record, law student interns working under the supervision of Plaintiffs' counsel, and administrative personnel supporting Plaintiffs' counsel in this litigation;

(d) experts or consultants who are retained by a party for purposes of this litigation;

(e) any person agreed to by the parties in writing or allowed by the Court.

All individuals identified in subparagraphs (d) and (e) above to whom Protected Information is disclosed shall be informed of, and shall agree to abide by, the terms of this Order; shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity; and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form. Counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded.

4.      Authorized Persons shall use Protected Information solely for purposes of this litigation and may not use any Protected Information in any other litigation outside of this litigation, i.e., this docket number. Authorized Persons may provide Protected Information only to other Authorized Persons, and shall not give, show, make available, discuss, or otherwise communicate Protected Information in any form except as provided herein. Authorized Persons may share Protected Information with attorneys, law student interns, and support staff in the case of *Manker v. Modly*, 3:18-cv-00372-CSH (D. Conn) solely for purposes of  a possible coordinated settlement of *Manker* and this action. Any *Manker* attorneys, law student interns, or support staff receiving Protected Information shall agree to abide by the terms of this Order, and Protected Information shared with *Manker* attorneys, law student interns, or support staff shall be

3

inadmissible in the *Manker* case as "compromise offers and negotiations" within the meaning of Federal Rule of Evidence 408.

5.      Other than deposition transcripts, Protected Information shall be so designated as follows:

> (a) if provided in electronic form, the subject line of the electronic transmission shall read "CONTAINS PROTECTED INFORMATION"; or
>
> (b) if provided in paper form, the document must be sealed in a parcel containing the legend "PROTECTED INFORMATION ENCLOSED" conspicuously marked on the outside. The first page of each document containing Protected Information, including courtesy copies for use by the Court, must contain a banner stating "Protected Information to Be Disclosed Only in Accordance With the U.S. District Court for the District of Connecticut Protective Order."

6.      Deposition testimony may be designated as Protected Information either on the record during the deposition or within 10 days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and conspicuously marked "PROTECTED INFORMATION ENCLOSED" on the outside.

7.      Pursuant to this Order, a document containing Protected Information may be filed electronically under the Court's electronic case filing system using the appropriate activity listed in the "SEALED" documents menu. If filed in paper form, a document containing Protected Information must be sealed in the manner prescribed in paragraph 5(b) and must include as an attachment to the front of the parcel a copy of the certificate of service identifying the document being filed.

8.      If a party determines that a previously produced or filed document contains Protected Information, the party may give notice in writing to the Court and the other parties that the document is to be treated as protected, and thereafter the designated document must be treated in accordance with this Order.

9.      If either party objects to the other party's designation of particular information as protected, counsel for the objecting party shall notify the other party, in writing, of the objection and the basis for the objection. The parties shall confer on the objection within seven days of the notice to the other party of the objection. If the parties cannot resolve the objection within fourteen calendar days of the notice to the other party of the objection, either party may seek resolution of the issue by the Court. Unless and until the Court rules otherwise, the parties agree that the terms of this Order apply fully to the information subject to the objection.

10.      Redacting Protected Documents for the Public Record:

(a) After filing a document containing Protected Information in accordance with paragraph 6, or after later designating a previously filed document pursuant to paragraph 7, a party shall serve on the other party a proposed redacted version that is marked "Proposed Redacted Version" in the upper right hand corner of the first page with the claimed Protected Information deleted.

(b) If a party seeks to include additional redactions, it must advise the filing party of its proposed redactions within five business days after receipt of the proposed redacted version, or such other time as agreed upon by the parties. The filing party must then provide the other parties with a second redacted version of the document clearly marked "Agreed-Upon Redacted Version" in the upper right-hand corner of the page with the additional information deleted.

(c) At the expiration of the time period noted in (b) above, or after the parties

have reached an agreement regarding additional redactions, the filing party may

file with the Court the final redacted version of the document clearly marked

"Redacted Version" in the upper right-hand corner of the first page. This

document will be available to the public.

11.     Each person covered by this Order shall take all necessary precautions to prevent

disclosure of Protected Information, including but not limited to physically securing,

safeguarding, and restricting access to Protected Information. The confidentiality of information

learned pursuant to this Order shall be maintained in perpetuity. Within 45 days of the

conclusion of this litigation, including all appeals, Protected Information, including all copies of

any document, shall be destroyed or returned to the designating party; and Authorized Persons

that executed the Acknowledgment pursuant to paragraph 4, shall certify in writing to the

designating party that all Protected Information has been destroyed or returned and all copies or

extracts containing such information have been destroyed. Each party may retain a file copy of

any document that has been filed with this Court or with a court of appeals in connection with

this litigation, but the document must be maintained subject to the terms of this Order.

12.     Counsel for the parties shall promptly report any breach of the provisions of this

Order to counsel for the opposing party. Upon discovery of any breach, counsel shall

immediately take appropriate action to cure the violation and retrieve any Protected Information

that may have been disclosed to persons not covered by this Order. The parties shall reasonably

cooperate in determining the reasons for any such breach.

_____
ROBERT M. SPECTOR
JUDGE

6

AGREED TO:

FOR PLAINTIFFS:


By: /s/ Michael J. Wishnie

| | |
|---|---|
| Susan J. Kohlmann, *pro hac vice* | Julia Coppelman, Law Student Intern |
| Jeremy M. Creelan, *pro hac vice* | Samuel J. Davis, Law Student Intern |
| William S.C. Goldstein, *pro hac vice* | Andrew C. DeGuglielmo, Law Student Intern |
| Ravi Ramanathan, *pro hac vice* | Samuel E. Frizell, Law Student Intern |
| Jacob L. Tracer, *pro hac vice* | Michael J. Wishnie, ct27221 |
| Jenner & Block LLP | Renée A. Burbank, ct30669 |
| 919 Third Avenue | Veterans Legal Services Clinic |
| New York, NY 10022-3908 | Jerome N. Frank Legal Services Organization |
| Tel: (212) 891-1678 | Yale Law School |
| JCreelan@jenner.com | P.O. Box 209090 |
| | New Haven, CT 06520-9090 |
| | Tel: (203) 432-4800 |
| | michael.wishnie@ylsclinics.org |

*Counsel for Plaintiffs*




FOR DEFENDANTS:

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/_____
David C. Nelson
Assistant U.S. Attorney
Joseph G. Nosse
Major, U.S. Army

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEPHEN M. KENNEDY and ALICIA J. CARSON, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN D. McCARTHY, Acting Secretary of the Army,<br><br>*Defendant*. | No. 3:16-cv-2010(CSH) (RMS) |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I have reviewed the Protective Order entered by the Court in this case and agree to fully

with the terms of the Order.

_____

Signature

_____

Printed name

Date: _____