**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STEPHEN M. KENNEDY and ALICIA J. CARSON, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>RYAN D. McCARTHY, Secretary of the Army,<br><br>          Defendant. | Civil Action No.<br>3:16-cv-2010 (CSH)<br><br><br><br>**DECEMBER 28, 2020** |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT**

**HAIGHT, Senior District Judge:**

WHEREAS, as of December 28, 2020, Stephen M. Kennedy and Alicia J. Carson ("Class Representatives"), individually and on behalf of themselves and a class of persons similarly situated (the "Plaintiffs"), on the one hand, and Ryan D. McCarthy, in his official capacity as Secretary of the U.S. Army (the "Army") ("Defendant"), on the other, have entered into a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") in the above-titled litigation (the "Action"),[1] which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Amended Complaint filed on April 17, 2017 [Doc. 11] on the merits and with prejudice (the "Settlement"); and

---

[1]   *See* Doc. 198-2 ("Stipulation and Agreement of Settlement," signed by counsel for Plaintiffs and Defendant and filed on 11/17/2020).

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits; and

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 28th day of December, 2020 that:

1.  The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class members, especially in light of the benefits achieved on behalf of them, the risks and delay inherent in litigation, and the limited amount of any potential recovery that could be shared by the Settlement Class members. Furthermore, the parties' Settlement Agreement was the result of good-faith, arm's-length negotiations between experienced counsel under the supervision of Magistrate Judge Robert M. Spector, and is without any obvious deficiencies.

2.  Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court has made a preliminary determination to certify the following Settlement Class for the purposes of settlement only:

> Members and former members of the Army, Army Reserve, and Army National Guard who served during the Iraq and Afghanistan era – the period between October 7, 2001 to the Effective Date of Settlement – who
>
> (1)    were discharged with a less-than-Honorable service characterization (this includes GEN and OTH discharges from the Army, Army Reserve, and Army National Guard, but not Bad Conduct or Dishonorable discharges);
>
> (2)     have not received discharge upgrades to Honorable; and
>
> (3)    have diagnoses of PTSD or PTSD-related conditions or records documenting

one or more symptoms of PTSD or PTSD-related conditions at the time of discharge attributable to their military service under the Hagel Memo standards of liberal and special consideration.

3. The Court finds and concludes that the prerequisites of class action certification under Rule 23 of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members is impracticable;

(b) there are questions of law and fact common to the Settlement Class members;

(c) the claims of the Class Representatives are typical of the Settlement Class's claims;

(d) Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) there are no conflicts of interest between the Class Representatives and members of the Settlement Class;

(f) the questions of law and fact common to Settlement Class members predominate over any individual questions; and

(g) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Stephen M. Kennedy and Alicia J. Carson are certified as Class Representatives. The Jerome L. Frank Legal Services Organization of Yale Law School and the law firm of Jenner & Block LLP are appointed as Class Counsel.

5. A hearing (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil

Procedure is hereby scheduled to be held before the Court on Wednesday, **March 24, 2021**, at **10:00 a.m.** (a day at least sixty (60) days after the entry of this Order). At the Fairness Hearing, the Court will address:  (a) whether to grant final approval to the Settlement as fair, reasonable, and adequate, and issue the Final Approval Order dismissing the Amended Complaint with prejudice and releasing the claims set forth in the Stipulation; (b) whether the Settlement Class should be finally certified for purposes of the Settlement only; (c) whether the relief provided to the Settlement Class for reconsideration and  reapplication of discharge upgrade applications is fair, reasonable, and adequate; (d) whether to approve the Stipulation's award of attorneys' fees and costs; and (e) any other matters as the Court may deem appropriate.

6.  The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court may also adjourn the Fairness Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

7.  The Court finds that the distribution of the Class Notice attached as Exhibit A to the Stipulation in the manner set forth in the Stipulation is practicable under the circumstances, consistent with due process of law, and attempts to provide due and sufficient notice of this Order and the Settlement to all persons entitled thereto and to comply with the requirements of Rule 23 of the Federal Rules of Civil Procedure.[2]  Plaintiffs have also developed an extensive outreach strategy that includes a press conference and issuance of a press release, engagement with both traditional media outlets and social media, collaboration with key elected officials, and publicization of the

---

[2]  To the extent that the proposed Notice provisions contain inadequacies, these deficiencies may be  remedied by the Supplemental Order set forth in the Court's "Preliminary Ruling on Proposed Settlement and Class Notice," filed contemporaneously with this Order.

settlement with veterans' organizations and veterans advocates across the country. Defendant shall publicize the Settlement and Class Notice by issuing a press release of its own.

8.   Plaintiffs shall cause the Class Notice to be distributed to Settlement Class members in accordance with the terms of the Stipulation, as well as Plaintiff's "extensive outreach strategy" referenced above (¶ 7), no later than fourteen (14) days after the entry of this Order.

9.   Settlement Class members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable.

10.   Any Settlement Class member may appear in person or through counsel (at his or her own expense) at the Fairness Hearing and be heard in support of or in opposition to the fairness, reasonableness, and adequacy of the proposed Settlement, award of counsel fees, and the reimbursement of costs. The Court will consider any Settlement Class member's objection to the Settlement only if such Settlement Class member has served by hand, mail, or e-mail that member's written objection and supporting papers (including any legal support or evidence in support of the objection and grounds to support that person's status as a Class member) such that they are received on or before twenty-one (21) calendar days before the Fairness Hearing, upon Class Counsel: Michael J. Wishnie, Jerome N. Frank Legal Services Organization, Yale Law School, P.O. Box 209090, New Haven, CT 06520-9090, kennedy.settlement@yale.edu; and Defendant's Counsel: Natalie N. Elicker, U.S. Attorney's Office for the District of Connecticut, 157 Church St., 25th Floor, New Haven, CT 06510, Natalie.Elicker@usdoj.gov; and has filed said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Connecticut, 141 Church Street, New Haven, CT 06510. Any Settlement Class member who does not make his, her, or its objection in the manner provided for in the Class Notice shall be deemed to have waived such

objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, unless otherwise  ordered by the Court. Attendance at the Fairness Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Fairness Hearing.

11.   Settlement Class members do not need to appear at the hearing or take any other action to indicate their approval.

12.   Pending final determination of whether the Settlement should be approved, Class Representatives, all Settlement Class members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Settled Claims in the Stipulation against the Defendant.

13.   Class Counsel shall file and serve its application for final approval of the Settlement no later than seven (7) days prior to the date of the Fairness Hearing.

14.   If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions as of the date and time immediately prior to the execution of the Stipulation.

15.   The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

16.   The Supplemental Order set forth in the Court's "Preliminary Ruling on Proposed Settlement and Class Notice" [Doc. 204], filed contemporaneously herewith, supplements and accompanies this "Order Granting Preliminary Approval of Class Action Settlement." The governance of the case is directed by these two Orders, read together.

It is SO ORDERED.

Dated:   New Haven, Connecticut
             December 28, 2020

                                                          */s/Charles S. Haight, Jr.*
                                                          CHARLES S. HAIGHT, JR.
                                                          Senior United States District Judge